UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DANIELA SCIVETTI,                                    :
                                                     :     Civil Action No.:
                              Plaintiff,             :     1:24-cv-03868-DEH
                                                     :
            vs.                                       :
                                                     :
COMPASS, INC., SLATER CONSULTING               :
CORP., TROVE PARTNERS, INC., JULIAN            :
BERKELEY, IAN SLATER, MICHAEL                   :
KOENEKE, and BRETT WALSDORF,                   :
                                                     :
                                                     :
                              Defendants.             :
                                                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANTS' MOTION PURSUANT TO
## <u>RULE 12(b)(6) TO DISMISS PLAINTIFF'S COMPLAINT</u>



WINDELS MARX LANE & MITTENDORF, LLP
156 West 56th Street
New York, New York 10019
(212) 237-1000
*Attorneys for Defendants*
*Michael Koeneke and Trove Partners, Inc.*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .......................................................................................... 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ................................................ 2

    The Instant Action.......................................................................................................... 2

    Plaintiff's Employment .................................................................................................. 3

    Koeneke's Alleged Misconduct ..................................................................................... 4

    Plaintiff's Unsuccessful Application for Employment ................................................... 6

ARGUMENT ..................................................................................................................... 6

STANDARD OF REVIEW ................................................................................................. 6

POINT I  PLAINTIFF'S TITLE VII DISCRIMINATION CLAIM IS TIME
        BARRED AND FAILS TO LINK ANY PURPORTED
        MISCONDUCT TO HER SEX OR GENDER ...................................................... 7

    A.    The Purported Misconduct Is Outside the 300-Day Period ...................................... 7

    B.    The Complaint Fails to State A Plausible Claim of Sex-Based
           Harassment............................................................................................................ 9

POINT II  PLAINTIFF'S THIRD CLAIM FOR SEX DISCRIMINATION FOR
         FAILURE TO HIRE MUST BE DISMISSED.......................................................... 11

POINT III  COUNTS FOUR AND FIFTEEN OF PLAINTIFF'S  COMPLAINT
          MUST ALSO BE DISMISSED............................................................................... 15

    A.    Plaintiff's COBRA Notice Claim Fails to Allege The Requisite
           Elements to Survive Dismissal .............................................................................. 15

    B.    Plaintiff's Failure to Allege An Injury Deprives Her of Requisite
           Standing to Assert A Wage Notice Claim .............................................................. 16

CONCLUSION.................................................................................................................. 18

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Baroor v. N.Y.C. Dep't of Educ.*,
362 F. App'x 157 (2d Cir.2010) ............................................................................................7

*Beh v. Community Care Companions Inc.*,
No. 1:19-CV-01417(JLS)(MJR), 2022 WL 5039391 (W.D.N.Y. Sept. 29,
2022) ...................................................................................................................................18

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).........................................................................................................7, 13

*Brant v. Cnty. of Dutchess*,
No. 05-CV-10590 (KMK), 2008 WL 418379 (S.D.N.Y. Feb. 11, 2008)...............................9

*Brennan v. Metro. Opera Ass'n*,
192 F.3d 310 (2d Cir.1999).....................................................................................................9

*Brown v. Henderson*,
257 F.3d 246 (2d Cir.2001)...................................................................................................10

*Bucek v. Gallagher Bassett Servs., Inc.*,
No. 16-CV-1344 (KMK), 2018 WL 1609334 (S.D.N.Y. Mar. 29, 2018) ............................12

*Capobianco v. Sandow Media Corp.*,
No. 11-CV-3162 (LAP), 2012 WL 4561761 (S.D.N.Y. Sept. 29, 2012) .............................16

*Chambers v. Time Warner, Inc.*,
282 F.3d 147 (2d Cir.2002).............................................................................................7, 11

*Chertkova v. Conn. Gen. Life Ins. Co.*,
92 F.3d 81 (2d Cir.1996).......................................................................................................12

*Christy v. Warden of Rikers Island*,
No. 19-CV-9666 (JPC), 2022 WL 3716268 (SDNY Aug. 29, 2022)......................................6

*Colodney v. Continuum Health Partners, Inc.*,
No. 03-CV-7276 (DLC), 33 Employee Benefits Cas 1751 (S.D.N.Y. Apr. 15,
2004) ...................................................................................................................................15

*Dellefave v. Access Temporaries, Inc.*,
No. 99-CV-6098 (RWS), 2001 WL 25745 (S.D.N.Y. Jan. 10, 2001) ...................................10

*Fort Bend Cnty. v. Davis,*
   139 S. Ct. 1843 (2019)..................................................................................8

*Francisco v NY Tex Care, Inc.,*
   No. 19-CV-1649 (PKC)(ST), 2022 WL 900603 (EDNY Mar. 28, 2022)..............17

*Garcia v. Yonkers Bd. of Educ.,*
   188 F. Supp. 3d 353 (S.D.N.Y. 2016)......................................................8

*Ghartey v. St John's Queens Hosp.,*
   869 F.2d 160 (2d Cir.1989)................................................................7

*Gill v. Acacia Network,*
   No. 13-CV-9088, 2015 WL 1254774 (S.D.N.Y. Mar. 18, 2015)..........................16

*Graham v. Long Island R.R.,*
   230 F.3d 34 (2d Cir.2000)................................................................12

*Henderson v. Physician Affiliate Group of New York P.C.,*
   No. 18-CV-3430 (JMF), 2019 WL 3778504 ................................................14

*Humphries v. City University of New York,*
   No. 13-CV- 2641 (PAE), 2013 WL 6196561 (S.D.N.Y. Nov. 26, 2013)..................14

*Iqbal v. Hasty,*
   490 F.3d 143 (2d Cir.2007), *rev'd on other grounds,* 556 U.S. 662 (2009)............7

*Kotcher v. Rosa and Sullivan Appliance Center, Inc.,*
   957 F.2d 59 (2d Cir.1992)................................................................11

*Local 217 v. MHM, Inc.,*
   976 F.2d 805 (2d Cir.1992)...............................................................15

*Lopez v. Advantage Plumbing & Mech. Corp.,*
   No. 15-CV-4507 (AJN), 2016 WL 3950087 (S.D.N.Y. July 19, 2016) ..................13

*Lujan v. Defenders of Wildlife,*
   504 U.S. 555 (1992)......................................................................16

*Malcolm v. Honeoye Falls Lima Cent. Sch. Dist,*
   777 F. Supp. 2d 484 (W.D.N.Y. 2011), aff'd 483 F. App'x 660 (2d Cir.2012) ........16

*McGarry v. Pallito,*
   687 F.3d 505 (2d Cir.2012)................................................................6

*Mehrhoff v. William Floyd Union Free Sch. Dist.,*
   No. 04-CV-3850 (JS)(MLO), 2005 WL 2077292 (E.D.N.Y. Aug. 22, 2005)...............14

*Mesias v. Cravath, Swaine & Moore LLP*,
106 F. Supp. 3d 431 (S.D.N.Y.2015)................................................................12

*National Railroad Passenger Corp. v. Morgan*,
536 U.S. 101 (2002)...........................................................................................8

*Neor v. Acacia Network, Inc.*,
No. CV-4814 2023, (ER), 2023 WL 1797267 (S.D.N.Y. Feb. 7, 2023) ...............17

*Ochei v. Mary Manning Walsh Nursing Home Co.*,
No. 10-CV- 2548, (CM)(RLE), 2011 WL 744738 (S.D.N.Y. Mar. 1, 2011) .........14

*Olaechea v. City of N.Y.*,
No. 17-CV-4797 (RA), 2019 WL 4805846 (S.D.N.Y. Sept. 30, 2019) .................10

*Oncale v. Sundowner Offshore Servs., Inc.*,
523 U.S. 75 (1998)............................................................................................10

*Pastrana v. Mr. Taco LLC*,
No. 18-CV-09374, 2022 WL 16857111 (S.D.N.Y. Sept. 23, 2022).......................17

*Paulemon v. Tobin*,
30 F.3d 307 (2d Cir.1994)....................................................................................7

*Quieju v. La Jugueria Inc.*,
No. 23-CV-264 (BMC), 2023 WL 3073518 (E.D.N.Y. Apr. 25, 2023)................17

*Ramirez v. Urion Construction LLC*,
No. 22-CV-3342 (LGS), 2023 WL 3570639 (S.D.N.Y. May 19, 2023) ...............17

*Rombach v. Chang*,
355 F.3d 164 (2d Cir.2004)..................................................................................7

*Rosario v. Local 1106 Transp. Works & Transervice Lease Corp.*,
29 F. Supp. 3d 153 (E.D.N.Y. 2014) ...................................................................7

*Shah v. N.Y. State Office of Mental Health*,
523 F. App'x 828 (2d Cir.2013) .........................................................................13

*Spokeo Inc. v. Robins*,
578 U.S. 330 (2016)...........................................................................................16

*TransUnion LLC v. Ramirez*,
141 S. Ct. 2190 (2021).......................................................................................17

*Vivenzio v. City of Syracuse*,
611 F.3d 98 (2d Cir.2010)...................................................................................11

*Yost v. Everyrealm, Inc.*,
   657 F. Supp. 3d 563 (S.D.N.Y. 2023)........................................................................9

**Statutes**

29 U.S.C. § 1132(c)(1)(3) ........................................................................................15

29 U.S.C §§ 1161(a)(b) ............................................................................................15

42 U.S.C. § 2000e-5(e) ..............................................................................................7

NYLL § 195(1) (3)..................................................................................1, 2, 17, 18

**Other Authorities**

Fed. R. Civ. Pro. 12(b)(6) ................................................................................1, 6, 7, 8

Defendants Michael Koeneke ("Koeneke") and Trove Partners, Inc. ("Trove") respectfully submit this memorandum of law in support of their motion to dismiss the following Counts from Plaintiff Daniela Scivetti's Complaint dated May 19, 2024 (the "Complaint"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"):

1. Count One-Title VII Sexual Harassment/Discrimination, against Trove;

3. Count Three-Title VII Sexual Harassment/Discrimination—Failure to Hire, against Trove;

4. Count Four-Violation of Employee Retirement Income Security Act (ERISA) — Failure to provide a COBRA notice, against Trove; and

15. Count Fifteen-Violation of New York Labor Law—Failure to Provide Hiring Notice, against Trove.

## PRELIMINARY STATEMENT[1]

The Complaint fails to properly plead at least these four (4) Counts.[2]

First, the relevant dates, as alleged by Plaintiff, reveal that Plaintiff's Title VII claim of sex-based discrimination and/or harassment is unequivocally time-barred. All of the alleged incidents occurred outside of the critical 300-day limitations period prescribed for such claims, mandating its dismissal as a matter of law. Moreover, even if this claim was within the permissible time frame, Plaintiff's allegations fall short of establishing a legally sufficient connection between any adverse employment action and her sex. That is the Complaint lacks concrete, actionable instances demonstrating that the alleged discriminatory or harassing conduct was based on Plaintiff's sex. Underscoring its insufficiency and supporting its dismissal.

---

[1] Unless explicitly defined herein, capitalized terms shall have the same meanings ascribed to them in Plaintiff's Complaint.

[2] Koeneke and Trove join in the motions to dismiss the complaint filed by defendants Compass, Inc., Julian Berkeley, Slater Consulting Corp., and Ian Slater.

Second, the Title VII discrimination claim related to Trove's alleged failure to hire Plaintiff does not satisfy the essential legal requirement of showing that the alleged hiring decision was predicated on her sex. The general and vague nature of the allegations concerning differential treatment does not suggest a discriminatory intent or motive as required under Title VII, thereby failing to establish a basis for the claim.

Third, Plaintiff's claim alleging a violation of ERISA for failing to provide a COBRA notice must also be dismissed. COBRA applies only to employers with twenty (20) or more employees, yet Plaintiff fails to allege—because she knows she cannot—that Trove meets this employee threshold. Additionally, statutory damages for such a failure are not applicable against an employer who is not the designated plan administrator. Plaintiff has neither named the plan administrator as a defendant, nor alleged that Trove acted in that capacity.

Lastly, the claim pursuant to New York Labor Law ("NYLL") § 195(1) is also deficient, as it does not articulate any specific injury suffered by Plaintiff due to the purported violation. Without a concrete and particularized injury, Plaintiff lacks the necessary standing to assert this claim.

Accordingly, this Court should dismiss Counts One, Three, Four, and Fifteen of the Complaint.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts upon which this motion is based are set forth in Plaintiff's Complaint and in the Declaration of Michael Koeneke, dated July 17, 2024, submitted herewith (the "Koeneke Decl.").

## The Instant Action

Plaintiff's Complaint filed on May 19, 2024 attempts to assert nineteen (19) employment-related claims for relief. (Dkt. 1.) Plaintiff reportedly filed a claim with the U.S. Equal Employment Opportunity Commission (EEOC) against both Compass, Inc. and The Slater Team on June 13,

2023 ("Compass/Slater EEOC Complaint"). (Compl. ¶ 220.) On March 7, 2024, Plaintiff filed another EEOC claim addressing the same allegations but specifically against Trove ("Trove EEOC Complaint"). (Compl. ¶ 236.) The EEOC issued a Right to Sue Letter on February 22, 2024, concerning the Compass/Slater EEOC Complaint, and another Right to Sue Letter on March 26, 2024, regarding the Trove EEOC Complaint. (Compl. ¶¶ 235-236.)

The EEOC filing date of June 13, 2023 and 300-day statutory time limitation for filing such complaints renders any allegations of misconduct that occurred prior to August 17, 2022 (the "Cutoff Date") outside of the permissible period; and, therefore, barred as untimely.

**Plaintiff's Employment**

The Complaint alleges an employment relationship involving Plaintiff, The Slater Team, Trove, and Compass, Inc., where Plaintiff claims to have been employed both as an employee and as an independent contractor in an Administrative Staff position, and given the title of Director of Operations from December 2020 to August 25, 2022. (Compl. ¶¶60-64, 194.) Although Trove was not in existence during the time period relevant to the Complaint, Plaintiff attempts to impute liability on Trove by alleging that Trove is a mere continuation of The Slater Team and subject to successor liability. (Compl. ¶¶ 221-234.) Plaintiff further alleges that Koeneke was an officer, director, shareholder, employee, and independent contractor of Compass, The Slater Team, and Trove, and also Plaintiff's employer. (Compl. ¶¶78-80, ¶¶94-96, ¶¶106-108.) Indeed, Plaintiff alleges each defendant served in each of these legal capacities.

Plaintiff's initial employment came with an annual base salary of $70,000. (Compl. ¶194.) She further asserts entitlement to additional earnings based on real estate transactions processed by The Slater Team, stipulating a 1% commission on Compass' Fees for transactions for which she did not contribute additional work, and 2% if she prepared necessary Board packages. (Compl.

¶195.) Additionally, she alleges an increase in her annual salary to $80,500 as of July 25, 2022. (Compl. ¶203(v)(A).) Despite these allegations regarding her employment terms and compensation, the Complaint lacks any specific factual details about Plaintiff's actual duties or responsibilities. It only vaguely mentions that she was "stripped of her duties and responsibilities" and relegated to "perform menial tasks for Koeneke," without further explanation. (Compl. ¶212(v).) This lack of specificity in describing her professional responsibilities and the changes thereto underpins the foundational issues in Plaintiff's claims.

**Koeneke's Alleged Misconduct**

Plaintiff's sex-based discrimination claim is characterized by allegations of isolated incidents, which lack specific dates, detailed context, or a frequency sufficient to substantiate allegations of harassment or discrimination. The Complaint mentions only two specific incidents by date; however, these are insufficient in establishing the level of misconduct required to support claims of harassment or discrimination. In particular, Plaintiff attributes the following purported comments or misconduct to Koeneke:

209.    That throughout Scivetti's Tenure, examples of Koeneke's Sexual Harassment included, but are not limited to, the following:

    i.   Referring to Scivetti as either a "love" or a "bitch", depending on Koeneke's mood;
    ii.  Constantly and brazenly commenting on Scivetti's appearance, and that of other the female employees of Employer;
    iii. Despite knowing that Scivetti's work hours were between on or about 9:30 am-6:00 pm, and despite admitting that it was inappropriate to do so, Koeneke repeatedly texted Scivetti prior to work hours (between on and around 6:00 am-7:00 am) with alleged work assignments, as well as directing Scivetti to perform personal errands for him, notwithstanding Slater advising that such were not to be a part of Scivetti's assigned duties and responsibilities;
    iv.  On or about September 18, 2021, texting Scivetti "I love you" outside of work hours;

    v.    Starting in or about February of 2022, repeatedly making offensive misogynistic and derogatory references and remarks about/towards women in the workplace, including Koeneke's characterization of them as "dramatic", "bitches" or "hot";

    vi.   Starting in or about February of 2022, consistently texting inappropriate, sexist and mysogysnitic [*sic*] texts to The Slater Team WhatsApp group chat;

    vii.  On or about June 22, 2022, willfully embarrassing Scivetti in front of her co-workers with false accusations of Scivetti dating a male client, while discussing company policies and procedures about the financial vetting of clients in advance of showing them available listings;

(Compl. ¶209.) However, the Complaint fails to link any of these allegations to any form of sex-based misconduct.

In her narrative, Plaintiff presents what are described as examples of Defendants' misconduct, which she speculates might indicate discriminatory animus. Yet, the allegations of infrequent misconduct cannot withstand scrutiny. The first recorded incident of alleged misconduct is dated September 18, 2021, almost a year after her employment commenced. (Compl. ¶209(iv).) The Complaint then asserts that unspecified offensive remarks began around February 2022, approximately five months following the initial incident. (Compl. ¶209(v).) Despite these allegations, Plaintiff does not provide specific details about the content of these offensive comments nor does she identify any of the individuals within the "WhatsApp group chat" to whom these purported comments were directed. (Compl. at ¶¶209-210.) Notably, it was not until July 12, 2022—nearly two years into her employment—that Plaintiff reported Koeneke's alleged misconduct to her alleged supervisor Brian Walsdorf. (Compl. ¶210(ii).) Furthermore, the Complaint does not assert that any sex-based harassment, discrimination, or misconduct continued after the August 17, 2022 Cutoff Date.

**Plaintiff's Unsuccessful Application for Employment**

Plaintiff also alleges that, on or about October 19, 2022, Compass sought applications for open employment positions within various departments for which Plaintiff was qualified. (Compl. ¶213.) She alleges that, on or about December 21, 2022, Plaintiff applied for the December Job Post, which was an open assistant position with another department referred to as the "Hudson Advisory Team", and received a response from Spencer Simon on the same day stating that she would be contacted for next steps. (Compl. ¶213.) She then alleges that she never heard back from Spencer Simon or anyone else from Compass to either discuss the next steps for, or to offer, re-employment. (Compl. ¶214.) Notably, the Complaint lacks any allegations that: (1) Plaintiff was not hired for the position because of her sex; (2) Trove or Koeneke had any role in the hiring decision related to the December Job Post, which was for a position separate from Trove or The Slater Team; or (3) a similarly situated individual outside of Plaintiff's protected class was hired for the position advertised in the December Job Post instead of Plaintiff.

For these reasons, and as discussed more fully below, the Court should dismiss Counts One, Three, Four, and Fifteen of the Complaint pursuant to Rule 12(b)(6).

## ARGUMENT[3]

## STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See McGarry v. Pallito,* 687 F.3d 505, 510 (2d Cir.2012). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege enough facts to state a

---

[3] Since this Court has jurisdiction pursuant to federal question jurisdiction and not diversity, to the extent Plaintiff's federal claims are dismissed, the Court should decline to exercise jurisdiction over Plaintiff's pendant state and local law claims. *See Christy v. Warden of Rikers Island*, No. 19-CV-9666 (JPC), 2022 WL 3716268, at *4 (SDNY Aug. 29, 2022) (generally federal courts should decline pendant jurisdiction when all federal claims have been dismissed).

claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Twombly "require[es] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim

with some factual allegations in those contexts where such amplification is needed to render the

claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir.2007), *rev'd on other grounds*, 556

U.S. 662 (2009). Although the Court is limited to the facts stated in a complaint, "the complaint

includes any written instrument attached as an exhibit and any statements or documents

incorporated by reference" into it. *Paulemon v. Tobin,* 30 F.3d 307, 308–09 (2d Cir.1994); *see also*

*Rombach v. Chang,* 355 F.3d 164, 169 (2d Cir.2004). "Even where a document is not incorporated

by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its

terms and effect,' which renders the document 'integral' to the complaint." *Chambers v. Time*

*Warner, Inc.*, 282 F.3d 147, 153 (2d Cir.2002). "Where a defendant raises a statute of limitations

defense in a pre-answer motion to dismiss, such a motion 'is properly treated as a Rule 12(b)(6)

motion to dismiss for failure to state a claim upon which relief can be granted.'" *Rosario v. Local*

*1106 Transp. Works & Transervice Lease Corp.*, 29 F. Supp. 3d 153, 158 (E.D.N.Y. 2014)

(*quoting Ghartey v. St John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir.1989)). The Court should

dismiss an action pursuant to Rule 12(b)(6) where it is clear on the face of the Complaint that the

action is untimely. *Id*.

### POINT I

**PLAINTIFF'S TITLE VII DISCRIMINATION CLAIM IS TIME BARRED AND FAILS
TO LINK ANY PURPORTED MISCONDUCT TO HER SEX OR GENDER**

#### A.  The Purported Misconduct Is Outside the 300-Day Period

In New York, for a discrimination claim under Title VII to be considered timely, an

employee is required to file a charge with the EEOC within 300 days following the alleged

discriminatory behavior. *See Baroor v. N.Y.C. Dep't of Educ.*, 362 F. App'x 157, 159 (2d Cir.2010)

(citing 42 U.S.C. § 2000e-5(e)). The failure to file a timely charge with the EEOC operates as a bar to bringing an action in federal court. *See National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (reaffirming requirement of strict adherence to the 300-day time limit); *See also Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1851-52 (2019) (reiterating the mandatory nature of Title VIIs charge filing requirement and noting that the failure to comply with the same is a "dispositive defense").

Here, Plaintiff filed her first charge with the EEOC on June 13, 2023. (Compl. ¶220.) Thus, for Plaintiff's discrimination claim to be timely, she must allege harassing conduct that occurred on or after August 17, 2022, 300 days prior to that filing, which she failed to do.

Plaintiff's allegations of sex-based harassing comments or conduct by Koeneke or any other defendant all allegedly occurred prior to August 3, 2022 (Compl. at ¶¶ 209-212.) and are thus time-barred. Indeed, Plaintiff alleges in paragraph 209 of the Complaint that Koeneke's Sexual Harassment allegedly occurred on September 18, 2021, in February 2022, and on June 20, 2022. (Compl. ¶209(iv)(v)(vi)(vii).) Plaintiff refers to Koeneke's Sexual Harassment as "ongoing" through August 2, 2022 (Compl. ¶210(iii)), but does not allege that it continued past that date. The Complaint does not allege any sex-based misconduct after the Cutoff Date.[4]

Although Plaintiff alleges that she was terminated on August 25, 2022, she alleges that this adverse action was done in retaliation for complaining of Koeneke's alleged misconduct and for complaining of Unpaid Commissions, not that the termination constituted sexual harassment or that her employment was terminated because of her membership in any protected class. (Compl.

---

[4] Although it is true that Title VII hostile work environment claims may be subject to the continuing violation rule, that rule is not applicable here because all of the allegedly harassing conduct occurred prior to the Cutoff Date. *See, e.g., Garcia v. Yonkers Bd. of Educ.*, 188 F. Supp. 3d 353, 359 (S.D.N.Y. 2016) (granting Rule 12(b)(6) motion to dismiss plaintiff's hostile work environment claim because the alleged acts of hostility occurred after the applicable statute of limitations expired).

¶212(iv).) Accordingly, Plaintiff's sex discrimination claim under Title VII – which is based solely on allegedly harassing comments and conduct that occurred prior to the Cutoff Date – is untimely and must be dismissed.

### B. The Complaint Fails to State A Plausible Claim of Sex-Based Harassment

Even assuming arguendo that Plaintiff's claim is timely, which it is not, the claim must still be dismissed because the allegations, although suggesting misconduct, fail to establish a requisite direct link between such misconduct and Plaintiff's membership in a protected class.

Under Title VII, "generalized hostility or generally uncivilized behavior is not actionable. Whether a claim in a complaint is cast as alleging sexual harassment or hostile work environment, the offending conduct must have been keyed to a protected category of the Plaintiff." *Yost v. Everyrealm, Inc.*, 657 F. Supp. 3d 563, 580 (S.D.N.Y. 2023) (collecting cases). In other words, to state a claim of sex-based harassment or sex discrimination, a plaintiff must allege that the harassment was tied to the fact that she was female. (*See id.*)

Here, Plaintiff's allegations of harassment do not meet that standard. Plaintiff's general allegations of misconduct, at worst, amount to mere petty slights and inconveniences. Furthermore, each allegation of misconduct occurred sporadically over the course of Plaintiff's employment. Such that the alleged misconduct is insufficient to give rise to an inference of discrimination. For example, Koeneke's purported remarks about the appearance of employees, without further context explicitly linking it to gender-based animus, do not amount to sufficient allegations of discrimination under Title VII. Rather, all of the alleged comments "are troubling on a gender-neutral basis; that is, they would be equally offensive if said about a man." *Brant v. Cnty. of Dutchess*, No. 05-CV-10590 (KMK), 2008 WL 418379, at *5 (S.D.N.Y. Feb. 11, 2008); *see also Brennan v. Metro. Opera Ass'n*, 192 F.3d 310, 318 (2d Cir.1999) ("[A]n environment which is

equally harsh for both men and women ... does not constitute a hostile working environment under the civil rights statutes."); *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 80 (1998) ("Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at *discrimination* ... because of ... sex." (internal quotation marks omitted). Moreover, Plaintiff does not even allege that Koeneke made any derogatory comments directly to her. Rather, she generally alleges, in a vague manner, that Koeneke made offensive misogynistic and derogatory references "about/towards women in the workplace, including Koeneke's characterization of them as 'dramatic', 'bitches' or hot'". (Compl. ¶209(v).)

The remaining comments are also woefully deficient in establishing discrimination tied to her sex. For example, the Complaint alleges comments by Koeneke concerning an alleged dating relationship between Plaintiff and a male client. (Compl. ¶28-30.) This comment does not give rise to an inference of discrimination based on sex.  *See Olaechea v. City of N.Y.*, No. 17-CV-4797 (RA), 2019 WL 4805846, at *6 (S.D.N.Y. Sept. 30, 2019); *see also, e.g., Dellefave v. Access Temporaries, Inc*., No. 99-CV-6098 (RWS), 2001 WL 25745, at *7 (S.D.N.Y. Jan. 10, 2001) ("Even if embarrassing or even humiliating, a statement that an employee is having a consensual relationship with a co-worker cannot be construed as discrimination or harassment on the basis of sex absent some additional showing, such as that the plaintiff was singled out for such comments because of his or her gender.") (citing cases); *see Brown v. Henderson*, 257 F.3d 246, 255 (2d Cir.2001) (stating there was "no indication" that the mockery of plaintiff's alleged affair with a married coworker "was related to her being a woman).

Additionally, the only evidence of Koeneke's purported harassment is a single text message allegedly sent by Koeneke to Plaintiff. Specifically, Plaintiff cites "On or about September 18, 2021 texting Scivetti 'I love you' outside of work hours." (Compl. ¶209(iv).) In an attempt to

bolster her meritless harassment claim, Plaintiff carefully selected a single text message from an entire thread and alleges that it is harassment. As the sole piece of documentary evidence Plaintiff cites in support of her harassment claim, the entire text message thread is integral to the Complaint and should thus be considered by the Court. *See Chambers*, 282 F.3d 147, 153 (2d Cir.2002). A review of the actual text message reveals that there is no sexual implication in the communication. In fact, Koeneke wrote "I ♥ you" in response to Scivetti's text agreeing to cover an open house residential real estate showing. In response, Plaintiff wrote: "Ok." (Konecke Decl., Ex. A.)

Indeed, this conversation clearly shows that there is nothing sexual, harassing, or discriminating, and no inference of discrimination may arise from Plaintiff's allegations. In other words, Plaintiff's claim must fail because she does not allege this purported harassment occurred because of her membership in a protected class. Isolated, minor acts or occasional episodes do not warrant relief. *See Kotcher v. Rosa and Sullivan Appliance Center, Inc*., 957 F.2d 59, 62 (2d Cir.1992). Plaintiff's deficient allegations warrant dismissal of this claim.

**POINT II**

**PLAINTIFF'S THIRD CLAIM FOR SEX DISCRIMINATION FOR FAILURE TO HIRE MUST BE DISMISSED**

Pursuant to Title VII, a plaintiff alleging a claim of sex discrimination under Title VII "must first make out a prima facie case of discrimination by showing that (1) [s]he is a member of a protected class, (2) [s]he was qualified for the job for which [s]he applied, (3) [s]he was denied the job, and (4) the denial occurred under circumstances that give rise to an inference of invidious discrimination." *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir.2010). Plaintiff fails to allege facts that establish the final element: that the failure to hire her for the position referenced in the December Job Post was done under circumstances giving rise to an inference of discrimination.

It is well established that a plaintiff seeking to raise an inference of discrimination through disparate treatment "must show she was 'similarly situated in all material respects' to the individuals with whom she seeks to compare herself." *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir.2000) (quoting *Shumway v. United Parcel Serv.*, Inc., 118 F.3d 60, 64 (2d Cir.1997)); *see also Bucek v. Gallagher Bassett Servs., Inc.*, No. 16-CV-1344 (KMK), 2018 WL 1609334, at *14 (S.D.N.Y. Mar. 29, 2018) (plaintiff must provide evidence of proposed comparator's relevant characteristics, such as prior experience). "Circumstances that may 'give rise to an inference of discriminatory motive' include 'actions or remarks made by decision makers that could be viewed as reflecting a discriminatory animus,' as well as 'preferential treatment given to employees outside the protected class.'" *Mesias v. Cravath, Swaine & Moore LLP*, 106 F. Supp. 3d 431, 436 (S.D.N.Y.2015) (*quoting Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 91 (2d Cir.1996)).

Plaintiff's failure to hire claim fails because it principally relies on vague and repeated statements about the failure to hire her for a position for which she alleges she is qualified, without pleading facts to support an inference that similar comparators outside her protected class were hired instead. Specifically, Plaintiff alleges:

> 214. That notwithstanding open Compass employment positions for which Defendants acknowledged that Scivetti was both qualified and applied for, neither Simon nor any one from Compass ever contacted Scivetti to either discuss the "next steps" for, or to offer, re-employment thereat ("Compass' Further Retaliation").

> 215. That Compass refused, and/or intentionally failed to reasonably address, process and consider Scivetti's application for re-employment.

> 216. That the Defendants knew about Scivetti's application for re-employment with Compass, intentionally participated and/or aided and abetted in Compass' Further Retaliation.

> 217. That a motivating factor of Compass' Further Retaliation constitutes either Retaliation for Scivetti's complaints of either

> Koeneke's Sexual Harassment and/or Unpaid Commission, and/or
> a separate act of unlawful employment discrimination in violation
> of applicable Federal, State and City of New York laws.
>
> 218.    That any alleged business justification to the allegations set
> forth herein, including but not limited to Scivetti being terminated
> for alleged poor job performance, attendance and/or failure to
> comply with work directives, was and is a pretext to conceal
> unlawful employment discrimination, retaliation and failure to pay
> earned wages/compensation, in violation of applicable law.

(Compl. ¶¶214-218.)  These allegations fail to allege that any comparators were hired for the position for which Plaintiff applied. As such, they are deficient and must be dismissed. S*ee Lopez v. Advantage Plumbing & Mech. Corp.*, No. 15-CV-4507 (AJN), 2016 WL 3950087, at *2 (S.D.N.Y. July 19, 2016) (discrimination claim failed because complaint "simply assert[ed] that the named comparators are 'similarly situated' with no further detail").

Additionally, Plaintiff does not allege any actions or remarks made by decision-makers, nor does she allege any other facts, that could be interpreted as discriminatory animus based on her sex. This failure to do so warrants dismissal of her failure to hire claim. *See Shah v. N.Y. State Office of Mental Health*, 523 F. App'x 828, 831 (2d Cir.2013) (affirming dismissal of plaintiff's failure to hire claim and noting that "[plaintiff] pleads no facts from which we could plausibly infer that [defendant]'s refusal to rehire him results from any discriminatory or retaliatory motive, and his claim therefore does not meet the pleading standard set forth in [*Twombly*]").

Moreover, Plaintiff's sole allegation regarding differential treatment between herself and male employees is a single general allegation, made upon information and belief, that unidentified male employees were not subject to having their licenses impaired or impacted. (Compl. ¶212(ix).) Yet, the Complaint is devoid of any facts about these employees or any allegation that they were hired for the December Job Post. Sex-based claims based only on vague references to male

colleagues cannot withstand scrutiny. *See Humphries v. City University of New York*, No. 13-CV-2641(PAE), 2013 WL 6196561, at *8-12 (S.D.N.Y. Nov. 26, 2013) ("mere labels and conclusions" about "male colleagues" not sufficient). As such, none of Plaintiff's vague allegations support an inference of discrimination and must be dismissed. *See Henderson v. Physician Affiliate Group of New York P.C.*, No. 18-CV-3430 (JMF), 2019 WL 3778504, at *4 (plaintiff "fail[ed] to provide even the 'minimal support' required" because she "failed to describe who these [comparators] are, what their responsibilities were, how their workplace conduct compared to [plaintiff's], or how they were treated") (citations omitted).

Plaintiff's failure to plead facts connecting any alleged adverse action to her sex highlights the fact that she has done no more than point to various ways in which she feels she was mistreated and argues that it must have been because of her sex. However, "naked assertions by plaintiffs that some protected demographic factor motivated an employment decision, without a fact-specific allegation of a causal link between defendant's conduct and the plaintiff's membership in a protected class, are simply too conclusory to withstand a motion to dismiss," and employers must be protected from such actions. *Ochei v. Mary Manning Walsh Nursing Home Co.*, No. 10-CV-2548, No. 10-CV-2548 (CM)(RLE), 2011 WL 744738, at *3 (S.D.N.Y. Mar. 1, 2011); *see also Mehrhoff v. William Floyd Union Free Sch. Dist.*, No. 04-CV-3850 (JS)(MLO), 2005 WL 2077292, at *9 (E.D.N.Y. Aug. 22, 2005).

This claim must be dismissed as a matter of law.

## POINT III

## COUNTS FOUR AND FIFTEEN OF PLAINTIFF'S
## COMPLAINT MUST ALSO BE DISMISSED

### A.  Plaintiff's COBRA Notice Claim Fails to Allege
### The Requisite Elements to Survive Dismissal

The Complaint also fails to allege facts to establish the necessary elements for the alleged

violation of ERISA for failing to provide a COBRA notice.

COBRA permits an employee to continue to receive health benefits at the group rate even

after the termination of employment. *See* 29 U.S.C §§ 1161(a), 1163; *Local 217 v. MHM, Inc.*, 976

F.2d 805, 809 (2d Cir.1992). COBRA applies only to employers with twenty (20) or more

employees. *See* 29 U.S.C. § 1161(b). A plan administrator's failure to comply with COBRA's

notice provisions entitles a beneficiary to statutory damages of up to $100 per day. *See* 29 U.S.C.

§ 1132(c)(1). However, statutory damages for a failure to give notice are not available against an

employer who is not the plan administrator. 29 U.S.C. § 1132(c)(3); *see Colodney v. Continuum*

*Health Partners, Inc.*, No. 03-CV-7276 (DLC), 33 Employee Benefits Cas 1751 (S.D.N.Y. Apr.

15, 2004).

In order to state a claim for relief under COBRA, a Plaintiff must: (1) allege the existence

of a qualified healthcare plan governed by COBRA; (2) name the plan administrator as a

defendant; and (3) allege that his employer is the plan administrator if no separate administrator

has been designated. Failure to do so warrants dismissal of this claim. *See Colodney*, No. 03-CV-

7276 (DLC), 33 Employee Benefits Cas 1751 (S.D.N.Y. Apr. 15, 2004) (dismissing plaintiff's

COBRA claim for failure to allege these elements).

In the Complaint, Plaintiff fails to: (1) name the plan administrator as a defendant; (2)

allege that Trove is the plan administrator if no separate administrator has been designated; (3)

allege that she was receiving health insurance benefits during the relevant time; or, (4) allege that

Trove has twenty (20) or more employees. (Compl. ¶¶277-289.) Courts in this jurisdiction have regularly dismissed COBRA claims with similar pleading deficiencies. For example, in *Danser v. Bagir Int'l, Inc*., the Court ruled that the plaintiff failed to state a claim under COBRA because the complaint did not allege that the employer had the requisite number of employees. No. 12-CV-5102 (TPG), 2013 WL 5220902, at *2 (S.D.N.Y. Sept. 17, 2013), aff'd 571 F. App'x 54 (2d Cir. 2014). Similarly, Plaintiff's failure to include the plan administrator as a defendant in this action or allege that Trove acted as its own plan administrator is fatal to her claim. *See Gill v. Acacia Network*, No. 13-CV-9088 (TPG), 2015 WL 1254774, at *4 (S.D.N.Y. Mar. 18, 2015) (dismissing plaintiffs' COBRA claims because the plaintiffs failed to allege that the corporate defendant was the plan administrator); *see also Malcolm v. Honeoye Falls Lima Cent. Sch. Dist*, 777 F. Supp. 2d 484, 487 (W.D.N.Y. 2011), aff'd 483 F. App'x 660 (2d Cir.2012)(dismissing plaintiff's claim because he failed to name the plan administrator as a defendant or to allege that the employer acted as the plan administrator); *see also Capobianco v. Sandow Media Corp*., No. 11-CV-3162 (LAP), 2012 WL 4561761, at *7 (S.D.N.Y. Sept. 29, 2012) (dismissing plaintiff's COBRA notice claim because the plaintiff did not allege the employer was a plan administrator or name the plan administrator as a defendant). In light of Plaintiff's deficient allegations, Count Four must also be dismissed.

### B. Plaintiff's Failure to Allege An Injury Deprives Her of Requisite Standing to Assert A Wage Notice Claim

To discharge her burden of establishing standing under Article III, Plaintiff must demonstrate a tangible, concrete injury—a threshold she categorically fails to meet. Plaintiff has the burden to establish standing. *See Spokeo Inc. v. Robins*, 578 U.S. 330, 338-39 (2016). To do so, Plaintiff must have suffered an injury in fact, i.e., the invasion of a legally-protected interest that is both actual and imminent, not conjectural or hypothetical. *See Lujan v. Defenders of*

*Wildlife*, 504 U.S. 555, 560 (1992). "A plaintiff cannot solely rely on the fact that the defendant committed a statutory violation because an 'injury in law' does not amount to an 'injury in fact' for purposes of Article III standing." *Neor v. Acacia Network, Inc.*, No. CV-4814 (ER) 2023 WL 1797267, at *4 (S.D.N.Y. Feb. 7, 2023) (citing *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021)).

Here, there is no allegation that Plaintiff suffered any injury because of the alleged failure to receive a hiring notice. Her claim is nothing more than speculation and conjecture, which is why courts have routinely rejected similar allegations in concluding that they are insufficient to establish standing. *See Ramirez v. Urion Construction LLC*, No. 22-CV-3342 (LGS), 2023 WL 3570639, at *8 (S.D.N.Y. May 19, 2023) ("Courts throughout the Second Circuit have since found no standing in cases, such as the instant case, where Plaintiffs have not established any injury traceable to violation of the wage notice and statement requirements") (collecting cases); *see also Quieju v. La Jugueria Inc.*, No. 23-CV-264 (BMC), 2023 WL 3073518, at *1-2 (E.D.N.Y. Apr. 25, 2023) ("Several decisions in this district, including one from this Court, have held that the statutory damage remedies in NYLL § 195(1) and (3) do not support standing in federal court") (collecting cases); *Pastrana v. Mr. Taco LLC*, No. 18-CV-09374 (GBD)(SN), 2022 WL 16857111, at *7 (S.D.N.Y. Sept. 23, 2022) (holding that plaintiff lacked standing to bring wage notice violations where they failed to show "how their lack of notice resulted in an injury.").

Trove did not even exist in 2020 to provide Plaintiff with a hiring notice. Even if it had, however, the failure to provide the wage notices or statements required by the statute has not caused Plaintiff any injury-in-fact that would be sufficient to confer standing to raise such a claim in federal court. Such "technical violations of the NYLL" do not create "either a tangible injury or something akin to a traditional cause of action." *Francisco v NY Tex Care, Inc.*, No. 19-CV-1649

(PKC)(ST), 2022 WL 900603, at *7 (EDNY Mar. 28, 2022); *see also Beh v. Community Care Companions Inc.*, No. 1:19-CV-01417(JLS)(MJR), 2022 WL 5039391, at *7 (W.D.N.Y. Sept. 29, 2022), report and recommendation adopted, No. 19-CV-1417 (JLS)(MJR), 2023 WL 1969370 (W.D.N.Y. Jan. 26, 2023). Therefore, given the absence of any demonstrable, concrete injury traceable to Trove's actions, this Court must dismiss Count Fifteen of Plaintiff's Complaint for lack of standing.

## **CONCLUSION**

For the reasons set forth above, Defendants Michael Koeneke and Trove Partners, Inc. respectfully request that the Court grant their Motion to Dismiss Counts One, Three, Four, and Fifteen of Plaintiff's Complaint, and grant Defendant such other and further relief as the Court deems just and proper.

Dated: New York, New York
        July 25, 2024

Respectfully submitted,

**WINDELS MARX LANE & MITTENDORF, LLP**

By _____
        Scott R. Matthews
        156 West 56th Street
        New York, New York 10019
        (212) 237-1000
        smatthews@windelsmarx.com
        *Attorneys for Defendants*
        *Michael Koeneke and Trove Partners, Inc.*