UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DANIELA SCIVETTI,                                      :
                                                       :
                        Plaintiff,                     :
                                                       :
            vs.                                        :    Civil Action No.:
                                                       :    1:24-cv-03868-DEH
COMPASS, INC., SLATER CONSULTING :
CORP., TROVE PARTNERS, INC., JULIAN :
BERKELEY,   IAN   SLATER,   MICHAEL :
KOENEKE, and BRETT WALSDORF,                           :
                                                       :
                        Defendants.                    :
                                                       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# MEMORANDUM OF LAW
## IN SUPPORT OF SLATER CONSULTING CORP.'S AND IAN SLATER'S MOTION TO <u>DISMISS PLAINTIFF'S COMPLAINT</u>

# **TABLE OF CONTENTS**

**Pages**

**I.    Preliminary Statement**………………………………………………………..**1**

**II.   Relevant Factual Allegations and Procedural History**…………………………**2**

**A.   Allegations regarding Plaintiff, Slater Team, and Slater.** ............................................. **1**

**B.   Allegations regarding Plaintiff's employment** .......................................................... **2**

**C.   Allegations regarding purported misconduct by Defendants.** .................................... **3**

**D.   Plaintiff's EEOC action and claims** ......................................................................... **4**

**III.  Argument**…………………………………………………….………………..**5**

**A.   Legal standard** ........................................................................................................... **5**

**B.   Plaintiff's Title VII discrimination/sexual harassment claim against Slater Team should be dismissed (Count I).** .................................................................................. **6**

    *a.    Plaintiff's claim is not timely.* ..................................................................... 6

    *b.    Plaintiff fails to state a claim.* ..................................................................... 7

**C.   Plaintiff's Title VII claim for retaliation against Slater Team should be dismissed (Count II).** .......................................................................................................... **11**

**D.   Plaintiff's Title VII claim for discrimination/retaliation for failure to hire against Slater Team should be dismissed (Count III)** ........................................................ **12**

**E.   Plaintiff's COBRA notice claim against Slater Team should be dismissed (Count IV).** **14**

**F.   Plaintiff's claim for a violation of NYSHRL and NYCHRL due to sexual harassment against Slater Team and Slater should be dismissed (Counts V and VIII).** ..................... **15**

**G.   Plaintiff's claim for a violation of NYSHRL and NYCHRL due to retaliation against Slater Team and Slater should be dismissed (Counts VI and IX).** .................................... **16**

**H.   Plaintiff's claim for a violation NYSHRL and NYCHRL due to failure to hire against Slater Team and Slater should be dismissed (Counts VII and X).** .................................... **17**

**I.    Plaintiff's claims for a violation of NYLL Section 191(1) against Slater Team and Slater should be dismissed (Count XI)** ..................................................................... **17**

**J.    Plaintiff's claim for a violation of NYLL Section 215 against Slater Team and Slater should be dismissed (Count XII)** ........................................................................... **19**

**K.   Plaintiff's claim for a violation of NYLL Section 195(1) against Slater Team should be dismissed (Count XV)** ....................................................................................... **21**

**L.    Plaintiff's claim for a violation of NYLL Section 195(6) against Slater Team should be dismissed (Count XVI)** ........................................................................ **22**

**M.    Plaintiff's claim for a violation of FIFA Section 20-930 against Slater Team should be dismissed (Count XVIII)** .......................................................................... **22**

**N.    Plaintiff's claim breach of contract against Slater Team should be dismissed (Count XIX)** ............................................................................................................. **24**

**IV.    Conclusion…………………………………………………………………………25**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adenji v. Admin. For Childre Services, NYC*,
 43 F.Supp.2d 407 (SDNY 1999) ........................................10

*Alfano v. Costello*,
 294 F.3d 365 (2d Cir. 2002)..........................................8

*Ally Financial Inc v. Comfort Auto Group NY LLC*,
 2021 WL 4033249 (E.D.N.Y. 2021).....................................25

*Altamura v. Reliance Comms., LLC*,
 2023 WL 2504238 (E.D.N.Y. Feb. 29, 2023)....................18, 19, 25

*Anderson v. Green*,
 774 F.App'x 694 (2d Cir. 2019) ......................................24

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)..................................................5

*Beale v. Mount Vernon Police Dep't*,
 895 F.Supp.2d 576 (S.D.N.Y. 2012)...................................10

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)..................................................5

*Berman v. Sugo LLC*,
 580 F.Supp.2d 191 (S.D.N.Y. 2008)...................................24

*Brant v. Cnty of Dutchess*,
 2008 WL 418379 (S.D.N.Y. 2008)......................................9

*Cadet v. Alliance Nursing Staffing of N.Y.*,
 932 F.Supp.3d 202 (S.D.N.Y. 2022)..................................22

*Carr v. North Shore – Long Island Jewish Health Systems*,
 2015 WL 4603389 (E.D.N.Y. July 30, 2015).......................12, 13

*Christy v. Warden of Rikers Island*,
 2022 WL 3716268 (SDNY Aug. 29, 2022)..............................15

*Danser v. Bagir Int'l, Inc.*,
    2013 WL 5220902 (S.D.N.Y. Sept. 17, 2013)........................................................14

*Dellefave v. Access Temporaries, Inc.*
    v., 2001 WL 25745 (S.D.N.Y. Jan. 10, 2021) ........................................................9

*DeLuca v. AccessIT Group, Inc.*,
    695 F.Supp.2d 54 (S.D.N.Y. 2010) ........................................................................21

*Foy v. New York State Unified Court System*,
    __ F.Supp.3d __, 2024 WL 3210711 (E.D.N.Y. July 2, 2024) ............................11

*Gallardo v. IEH Corp.*,
    2022 WL 4646514 (E.D.N.Y. Oct. 1, 2022)...................................................14, 22

*Garcia v. Yonkers Bd. of Educ.*,
    188 F.Supp. 3d 353 (S.D.N.Y. 2016)......................................................................7

*Gill v. ACACIA Network*,
    2015 WL 1254774 (S.D.N.Y. Mar. 18, 2015) .......................................................14

*Giugliano v. FS2 Capital Partners, LLC*,
    2015 WL 52124796 (E.D.N.Y. Sep. 1, 2015).........................................................25

*Grant v. Glob. Aircraft Dispatch, Inc.*,
    223 A.D.3d 712 (2d Dep't 2024) ...........................................................................18

*Isbell v. City of New York*,
    316 F.Supp.3d 571 (S.D.N.Y. 2018)........................................................................9

*Iwelu v. New York State Office of Mental Health*,
    2024 WL 2175938 (2d Cir. 2024)............................................................................9

*Kassman v. KPMG, LLP*,
    925 F.Supp.2d 453 (S.D.N.Y. 2013).......................................................................20

*Khaleel v. Metro One Loss Prevention Services Groups*,
    469 F.Supp.2d 130 (S.D.N.Y. 2007).......................................................................11

*Kurtanidze v. Mizuho Bank, Ltd.*,
    2024 WL 1117180 (S.D.N.Y. 2024).......................................................................24

*Maron v. Legal Aid Society*,
    605 F.Supp.3d 547 (S.D.N.Y. 2022)...................................................................9, 10

*Medina v. AAM 15 Mgmt, LLC*,
    2023 WL 2648299 (S.D.N.Y. Mar. 27, 2023) .........................................................8

*Mesias v. Cravath, Swaine & Moore LLP*,
    106 F.Supp.3d 431 (S.D.N.Y. 2015) ................................................................. 12, 13

*Meyenhofer v. Larsen & Toubro Infotech Ltd.*,
    503 F.Supp.3d 39 (S.D.N.Y. 2020) ............................................................................ 12

*Mondelo v. Quinn, Emanuel, Urquhart & Sullivan, LLP*,
    2022 WL 521551 (S.D.N.Y. Feb. 22, 2022) ............................................................... 16

*Moreira v. Societe Generale, SA*,
    573 F.Supp.3d 921 (S.D.N.Y. 2021) ........................................................................... 6

*Neor v. Acacia Network, Inc.*,
    2023 WL 1797267 (S.D.N.Y. Feb. 7, 2023) ............................................................... 21

*Nicosia v. Town of Hempstead*,
    2017 WL 9485669 (E.D.N.Y. June 14, 2017) .............................................................. 6

*Ninying v. New York City Fire Dep't*,
    807 Fed. Appx. 112 (2d Cir. 2020) ........................................................................... 11

*Ochei v. Mary Manning Walsh Nursing Home Co.*,
    2011 WL 744738 (S.D.N.Y. Mar. 1, 2011) ................................................................ 14

*Odom v. Doar*,
    497 Fed.Appx. 88 (2d Cir. 2012) ................................................................................ 6

*Papasan v. Allain*,
    478 U.S. 265 (1986) ..................................................................................................... 5

*Paye v. Brinks, Inc.*,
    517 F.Supp.2d 653 (W.D.N.Y. 2007) ......................................................................... 9

*Percy v. New York (Hudson Valley DDSO)*,
    264 F.Supp.3d 574 (S.D.N.Y. 2017) ........................................................................... 7

*Ramirez v. Temin & Company, Inc.*,
    2021 WL 4392303 (S.D.N.Y. Sep. 25, 2021) ........................................................... 10

*Rasko v. N.Y.C. Admin. For Children's Services*,
    734 Fed.Appx. 52 (2d Cir. 2018) ......................................................................... 11, 13

*Romano v. A360 Media, LLC*,
    2023 WL 348459 (S.D.N.Y. Jan. 20, 2023) .............................................................. 17

*Saidin v. New York City Dep't of Educ.*,
    498 F.Supp.2d 683 (S.D.N.Y. 2007) ......................................................................... 11

*Sandles v. Magna Legal Svs., LLC*,
    62 Misc.3d 761 (N.Y. Civ. Ct. 2018) ................................................................. 22

*Sankin v. Abeshouse*,
    545 F. Supp. 2d 324 (S.D.N.Y. 2008) ................................................................... 5

*Sardina v. United Parcel Service, Inc.*,
    254 Fed.Appx. 108 (2d Cir. 2007) ....................................................................... 10

*Shukla v. Deloitte Consulting LLP*,
    2020 WL 3181785 (S.D.N.Y. June 15, 2020) .............................................. *passim*

*Smith v. City of New York*,
    385 F.Supp.3d 323 (S.D.N.Y. 2019) ............................................................. 16, 17

*Tal v. Computech Int'l, Inc.*,
    2022 WL 18135290 (E.D.N.Y. Dec. 1, 2022) .............................................. 19, 25

*Tal v. Computech Int'l, Inc.*,
    2023 WL 7347219 (E.D.N.Y. Oct. 18, 2023) .............................................. 18, 19

*Tassy v. Buttigieg*,
    51 F.4th 521 (2d Cir. 2022) .................................................................................. 6

*Torres v. City of New York*,
    2019 WL 1765223 (S.D.N.Y. Apr. 22, 2019) .............................................. 10, 16

*Torres v. Golden Home Furniture*,
    2023 WL 3793850 (S.D.N.Y. May 10, 2023) ...................................................... 21

*Trinidad v. New York City Dep't of Correction*,
    423 F.Supp.2d 151 (S.D.N.Y. 2006) ................................................................... 10

*Varn v. Orchestrade, Inc.*,
    2020 WL 13558690 (E.D.N.Y. Mar. 30, 2020) ................................................... 23

*Vega v. CM & Associates Construction Mgmt.*,
    175 A.D.3d 1144 (1st Dep't 2019) ...................................................................... 18

*Yost v. Everyrealm, Inc.*,
    657 F.Supp.3d 563 (S.D.N.Y. 2023) ............................................................. 15, 16

**Statutes**

29 USC 1161(b) ................................................................................................................ 14

42 USC 2000e-2(a)(1) ......................................................................................................... 7

NYLL Section 20-927 ..................................................................................23

NYLL Section 190-1(6) .............................................................................18

NYLL Section 190-1(c) .............................................................................17

NYLL Section 191-1 ..................................................................................17

NYLL Section 215 ......................................................................................19

NYLL Section 195-1 ..................................................................................21

NYLL Section 195-6 ..................................................................................22

FIFA Section 20-930 ..................................................................................22

**Other Authorities**

F.R.C.P. 12(b)(1) and 12(b)(6) ....................................................................1

Defendants Slater Consulting Corp. ("Slater Team") and Ian Slater ("Slater") respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff's claims against Slater Team and Slater pursuant to FRCP 12(b)(1) and 12(b)(6):[1]

## I.
## PRELIMINARY STATEMENT[2]

Plaintiff, an alleged former administrator with a real estate brokerage team, brings this suit against corporate and individual defendants for violations of Title VII, NYSHRL, NYCHRL, and various wage laws. In support, Plaintiff offers scant facts on which to base her nineteen causes of action. This is unsurprising, as Plaintiff's claims are without merit. Tellingly, as early as July 2022, Plaintiff allegedly told her co-worker that employers "ha[ve] to pay substantial settlements" in response to similar claims. (Compl. ¶ 210).

The Complaint consists of a repetitive, conclusory, vague, and often inconsistent recitation of elements to claims that the facts alleged do not support. Plaintiff's claims are inadequately pleaded, time-barred, or without standing. Slater Team and Slater therefore respectfully request that the claims against them be dismissed.

## II.
## RELEVANT FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

### A.    Allegations regarding Plaintiff, Slater Team, and Slater.

Plaintiff alleges that she was a licensed real estate agent and simultaneously both an employee and independent contractor for Compass and Slater Team. (Compl. ¶ 60-64).

---

[1] Slater Team and Slater join in the Motions to Dismiss filed by Compass, Inc., Julian Berkeley, Michael Koeneke, and Trove Partners, Inc. to the extent the arguments for dismissal also apply to dismissal of the claims against Slater Team and Slater.

[2] Unless specifically defined, capitalized terms have the meanings ascribed in the Complaint.

Plaintiff alternatively alleges that Slater Team was and is a domestic corporation, a foreign corporation, and an unincorporated association conducting business in New York. (Compl. ¶ 13-15). According to Plaintiff, Slater Team was a "department" of Compass subject to Compass' policies, direction, and control in which Slater Team personnel (who were assigned by Compass) conducted the business of real estate. (Compl. ¶ 42-46). At the same time, Plaintiff alleges that Slater Team actually "hired" and exercised the "same" direction and control over the "terms and conditions" of the personnel. (Compl. ¶ 48). Plaintiff conclusorily alleges that the personnel were joint, general, or special employees of Compass and Slater Team. (Compl. ¶ 49-50).

She alleges that Slater, Julian Berkeley, Michael Koeneke, and Brett Walsdorf, all licensed real estate agents, were and are each simultaneously employees, independent contractors, officers, directors, and/or shareholders of Compass and Slater Team. (Compl. ¶ 73-111).

Plaintiff goes on to conclusorily allege that Slater, Berkeley, Koeneke, and Walsdorf were all Plaintiff's supervisors. (Compl. ¶ 112-119). Further, she asserts that any and all conduct of Slater, Berkeley, Koeneke, and Walsdorf were performed with the consent of and authorized by Compass and Slater Team. (Compl. ¶ 120-127).

She states that Slater Team employed over 15 employees, or over 15 independent contractors that should have been classified as employees. (Compl. ¶ 132-135). She goes on to vaguely and conclusorily assert that the various parties comport with other various legal definitions pursuant to Title VII and various state and local statutes. (Compl. ¶ 136-188).

**B. Allegations regarding Plaintiff's employment.**

Plaintiff alleges that she was an employee and independent contractor for Compass and Slater Team from December 2020 (no precise date) to August 25, 2022 in an administrative staff position with title Director of Operations. (Compl. ¶ 62-63, 194, 199). She alleges that, at the

2

outset, she had an annual salary of $75,000 with 1% or 2% of Slater Team's commission from each of Compass' real estate transactions closed by Slater Team paid by Compass. (Compl. ¶ 195).

She alleges she was subject to Compass' Policies and Procedures, a work schedule, use of a Compass computer and entry pass, attendance at meetings, branded transaction documents, connection to cloud portal, Compass email address, prevention of working at any Compass competitor, and submission of expenses and transactions through Compass' portal. (Compl. ¶ 200)

In support her allegedly exemplary performance, she points to various out-of-context facts, including, a list of administrative tasks, Slater guaranteeing her apartment rental in 2021, and assisting with growth in 2022. She also points to selective quotes from a "performance evaluation" given on July 25, 2022 by Slater, as well as a concurrent increase in Plaintiff's compensation to a base salary of $80,500 and a 0.5% increase of commissions. (Compl. ¶ 202-203).

### C.  Allegations regarding purported misconduct by Defendants.

Without a scintilla of factual support, Plaintiff claims that she was entitled to receive approximately $66,83.72 in commissions in from Slater Team and Compass in 2021, but did not timely receive $20,789.17 (alleging she received it later). (Compl. ¶ 204-205, 212). She alleges she complained of same to Walsdorf in July 2021. (Compl. ¶ 207).

Plaintiff claims that she was subjected to gender discrimination/sexual harassment by Koeneke. In support, she alleges without specificity that Koeneke: (1) referred to Plaintiff as a "love" or a "bitch"; (2) commented on the appearance of Plaintiff and other females; (3) requested that Plaintiff perform work outside of work hours; (4) on September 18, 2021, texted Plaintiff "I love you"; (5) called women (not alleged to be Plaintiff) "dramatic," "bitches," or "hot"; (6) texted unspecified sexist and misogynistic texts to the Slater Team; (7) and accused Plaintiff of dating a

client. (Compl. ¶ 208-209). In addition, she alleges that Walsdorf told her about a friend's sex life. (Compl. ¶ 210).

Plaintiff alleges that she reported the foregoing conduct as follows: from middle of 2021 through August 2, 2022 (no specific dates), she complained about her unpaid commissions (Compl. ¶ 210); from July 12-13, 2022, she complained to Walsdorf, including by purportedly specifically telling Walsdorf that employees can get "substantial settlements" from employers for alleging discrimination or pay violations; on July 27, 2022, she reported Koeneke's conduct to Walsdorf, who "admitted" to having "reported" reported something unspecified to Slater at some point; on August 2, 2022, Plaintiff again reported Koeneke's conduct to Walsdorf. (Compl. ¶ 210).

Plaintiff alleges that Defendants engaged in a campaign of retaliation against her. In support, she alleges: sometime in 2021, Walsdorf admonished Plaintiff for complaining about the Unpaid Commission; on July 25, 2022, Slater acknowledged receipt of complaint of Unpaid Commission; on August 2, 2022, Walsdorf admonished Plaintiff for her complaints regarding sexual harassment; Koeneke criticized Plaintiff's work performance; was asked to perform "menial tasks" for Koeneke; and on August 25, 2022, was terminated. (Compl. ¶ 212). She alleges that Compass and Slater failed to provide her with proper notices, her real estate license was revoked (and later partially reinstated), and she was paid the Unpaid Commission. (Compl. ¶ 212).

After termination, Plaintiff alleges that she applied for a job with a third party and was rejected. (Compl. ¶ 213-215). She alleges that Slater later gave Plaintiff a review. (Compl. ¶ 219).

**D. Plaintiff's EEOC action and claims.**

Plaintiff alleges that she first filed her EEOC charge on June 13, 2023. (Compl. ¶ 220). On February 22, 2024, the EEOC issued Plaintiff a right to sue against Slater Team. (Compl. ¶ 235).

In this action based on federal question jurisdiction, Plaintiff asserts three claims pursuant to Title VII against Slater Team (Counts I, II, and III), one claim pursuant to ERISA (Count IV), as well as twelve pendant state and local law claims (Counts V, VI, VII, VIII, IX, X, XI, XII, XV, XVI, XVIII, and IX). She also asserts eight state and local law claims against Slater, who is a defendant pursuant to alleged pendant jurisdiction (Counts V, VI, VII, VIII, IX, X, XI, and XII).

## III.
## ARGUMENT

### A. Legal standard

To survive a motion for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4]

When resolving a motion to dismiss for failure to state a claim, a court "must accept as true all factual allegations in the complaint."[5]  Based on this information, a court must "draw all reasonable inferences in favor of the non-movant."[6]  However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[7]  A court is likewise "not bound to accept as true a legal conclusion couched as a factual allegation."[8]

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).
[4] *Id.* (citing *Twombly*, 550 U.S. at 556).
[5] *Iqbal*, 556 U.S. at 678.
[6] *Sankin v. Abeshouse*, 545 F. Supp. 2d 324, 327 (S.D.N.Y. 2008).
[7] *Iqbal,* 556 U.S. at 678.
[8] *Papasan v. Allain,* 478 U.S. 265, 286 (1986); *see also Twombly,* 550 U.S. at 555.

**B. Plaintiff's Title VII discrimination/sexual harassment claim against Slater Team should be dismissed (Count I).[9]**

*a. Plaintiff's claim is not timely.*

"As a precondition of filing an action in federal court under Title VII, a litigant must first have filed a timely charge of discrimination with the [EEOC]."[10] In New York, a plaintiff must file a charge with the EEOC within 300 days.[11] Because Plaintiff alleges that she filed her charge with the EEOC on June 13, 2023 (Compl. ¶ 220), the purported conduct in support of her claim for discrimination/sexual harassment claim must be alleged to occur on or after August 17, 2022.

Here, Plaintiff's alleges conduct that falls outside of the 300-day statutory period. Plaintiff alleges purported discriminatory conduct by Koeneke on or around September 2021, February 2022, and June 2022 (Compl. ¶ 209), and by Walsdorf without temporal specification. (Compl. ¶ 210). She alleges no later conduct in support of that claim. Although Plaintiff at times states that certain unspecified "inappropriate" conduct was "ongoing" (Compl. ¶ 209), such unspecified, vague, conclusorily allegations are inadequate to form the basis of the claim.[12] Nor are they

---

[9] Because Slater Team did not have 15 or more employees, Title VII is inapplicable to Slater Team.
[10] *Odom v. Doar*, 497 Fed.Appx. 88, 89 (2d Cir. 2012)
[11] *Id*. (citing 42 USC 2000e-5(e)(1))
[12] *Moreira v. Societe Generale, SA*, 573 F.Supp.3d 921, 929-930 (S.D.N.Y. 2021) ("But when it comes to assessing timeliness, such conclusory assertions of 'continuing' or 'ongoing' conduct do not cut it") (citing cases); *Nicosia v. Town of Hempstead*, 2017 WL 9485669, at *7 (E.D.N.Y. June 14, 2017); *Tassy v. Buttigieg*, 51 F.4th 521, 531 (2d Cir. 2022) (vague references to allegedly discriminatory conduct not sufficient to establish timeliness).

adequate to support the application of the "continuing violation" doctrine[13] where, as here, the last act of misconduct is alleged to have occurred prior to the timeliness date.[14]

While Plaintiff alleges certain conduct after August 17, 2022 (e.g., termination on August 25, 2022 and failure to hire in late 2022), such conduct is alleged in support of—and only relevant to—her claims for retaliation, not discrimination/sexual harassment. (Compl. ¶ 212 (termination), 214 (failure to hire)). Indeed, Plaintiff does not allege any facts to support an inference that Slater discriminated against or sexually harassed her. Because Plaintiff failed to file her EEOC charge within the statutory time limit, her claim for discrimination/sexual harassment is time barred and should be dismissed.

###### b.    *Plaintiff fails to state a claim.*

Title VII prohibits an employer from "discriminating against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals' . . . sex."[15] In the context of sex-based claims, in order "to state a claim based on an adverse employment action, a plaintiff must plausibly allege that an employer took adverse action against [her] and [her] . . . sex was a motivating factor in the employment decision." [16] In order to state a claim for sexual harassment pursuant to Title VII, a plaintiff must plead facts to plausibly support an inference that the harassment is objectively severe or pervasive such that it creates an

---

[13] The continuing violation doctrine also does not apply here because Plaintiff fails to asserts facts to support the conclusion that she "has experienced a continuous practice and policy of discrimination." *Percy v. New York (Hudson Valley DDSO*), 264 F.Supp.3d 574, 581 (S.D.N.Y. 2017) ("the courts of this Circuit have generally been loath invoke the continuing violation doctrine and willy apply it only upon a showing of compelling circumstances").

[14] *See Garcia v. Yonkers Bd. of Educ.*, 188 F.Supp. 3d 353, 359 (S.D.N.Y. 2016) (finding claim time barred where termination was a discrete act of retaliation, not discrimination).

[15] 42 USC 2000e-2(a)(1).

[16] *Shukla v. Deloitte Consulting LLP*, 2020 WL 3181785, at *5 (S.D.N.Y. June 15, 2020) (internal quotations omitted).

environment that a reasonable person would find it hostile or abusive and that such an environment is created *because of* the plaintiff's sex.[17] Although it is unclear whether Plaintiff is asserting a discriminatory act or hostile work environment claim, she fails to plead both.

Plaintiff fails to plead an adverse employment action, because she fails to allege, as she must, that Defendants took adverse actions motivated by discriminatory motive.[18] Plaintiff neither asserts an adverse action nor that such action was motivated by discriminatory motive, much less allege facts to support an inference of discrimination. Rather, Plaintiff asserts that the adverse employment actions she allegedly suffered—being "suddenly stripped of her duties and responsibilities" and thereafter terminated and having her license revoked (Compl. ¶ 212)—were solely retaliation for her prior complaints regarding the alleged acts of discrimination and/or Unpaid Commission of 2021. As a result, Slater Team and/or Slater's alleged conduct do not fall within the ambit of Plaintiff's claim. Indeed, *nowhere* in the Complaint does Plaintiff allege that Slater, who Plaintiff alleges had decision-making authority regarding hiring and compensation at Slater Team (Compl. ¶ 212), had or acted with discriminatory motive at any time. Plaintiff's failure to allege any facts[19] pleading an adverse action or a discriminatory motive in connection with the alleged adverse employment actions merits dismissal of the claim.[20]

---

[17] *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002).

[18] *Id*.

[19] Plaintiff also fails to identify any male employee with whom she was "similarly situated in all material respects as is necessary to create an inference of discrimination." *Shukla*, 2020 WL 3181785, at *7. Not one of the other individuals in the Complaint are alleged to be similarly situated to Plaintiff; indeed, Plaintiff alleges that they were brokers—not administrative—in function, and also alleges that certain of the individuals, such as Koeneke, were (unlike Plaintiff) high income-generators. (Compl. ¶ 209). Nor does she allege that they were treated differently because of their gender, as is required in any claim for discrimination.

[20] *Medina v. AAM 15 Mgmt, LLC*, 2023 WL 2648299, at * 7 (S.D.N.Y. Mar. 27, 2023); *Shukla*, 2020 WL 3181785, at *6 (dismissing claim where plaintiff failed to plead facts that would give rise to plausible inference of discrimination).

Nor does Plaintiff adequately plead a claim for sexual harassment based on a hostile work environment. As a threshold matter, Plaintiff fails to allege facts that plausibly allege that the purported harassment was "due to" or "predicated on" Plaintiff's gender—"which is fatal to [her] claims."[21] In support, Plaintiff alleges that Koeneke referred to Plaintiff and third parties as "love" and "bitch" (without specific time, place, or context), requested Plaintiff perform work outside of work hours, sent a single out of context text message (for context, see Koeneke's brief), texted a group chat (unspecified content and recipients), and embarrassed her by discussing dating a client. (Compl. ¶ 209). She also asserts that Waldorf's discussed a friend's sex life. (Compl. ¶ 210). Plainly, the alleged conduct is not sufficiently linked to Plaintiff's gender to sustain a claim for sexual harassment—it is, at most, subjectively objectionable on a gender neutral basis.[22]

Further, Plaintiff's allegations of misconduct are neither "severe" nor "pervasive," as required under Title VII. In order to be "pervasive," the alleged conduct must be "more than episodic; they must be sufficiently continuous and concerted. Isolated acts, unless very serious, do not meet the threshold of severity or pervasiveness."[23] "Hostile work environment claims are meant to protect individuals from abuse and trauma that is severe . . but are not intended to promote or enforce civility, gentility or even decency."[24] As shown above, the majority of the alleged misconduct here is not even alleged to be directed towards Plaintiff[25]—to the extent it is, the

---

[21] *Shukla*, 2020 WL 3181785 at *10; *Iwelu v. New York State Office of Mental Health*, 2024 WL 2175938, at *4 (2d Cir. 2024) ("It is axiomatic that the plaintiff also must show that the hostile conduct occurred because of a protected characteristic").

[22] *See Brant v. Cnty of Dutchess*, 2008 WL 418379, at *5 (S.D.N.Y. 2008) (vulgar or even humiliating statements are not inherently indicative of any gender animus) (collecting cases); *Dellefave v. Access Temporaries, Inc.* v., 2001 WL 25745, at *7  (S.D.N.Y. Jan. 10, 2021) (statement regarding relationship with coworker not discrimination on basis of gender).

[23] *Maron v. Legal Aid Society*, 605 F.Supp.3d 547, 561 (S.D.N.Y. 2022).

[24] *Isbell v. City of New York*, 316 F.Supp.3d 571, 591 (S.D.N.Y. 2018).

[25] *See Paye v. Brinks, Inc*., 517 F.Supp.2d 653, 659 (W.D.N.Y. 2007) (dismissing claim that included isolated incidents of offensive language not directed at plaintiff).

allegations can be described as "a mere offensive utterance"[26] or "petty slights and trivial inconveniences"[27] insufficient to support a claim for sexual harassment/hostile work environment.

Moreover, in order to establish a discrimination/hostile work environment claim, there must be a reasonable basis for imputing the conduct to defendant.[28] Here, Plaintiff does not allege that Slater perpetrated the hostile work environment, nor does she allege that she even attempted to report it to Slater. Although Plaintiff alleges that Walsdorf "admitted" to "reporting" the conduct to Slater, she does not allege when Slater Team is alleged to have had knowledge, what alleged misconduct was reported, or any other facts in support. (Compl. ¶ 210). Nor does Plaintiff allege facts to support imputing liability to Slater Team on the basis that Koeneke or Walsdorf were supervisory employees (versus non-supervisory independent contractors) beyond mere conclusory and conflicting allegations.[29] Failure to allege facts upon which to impute liability to Slater Team merits dismissal.

---

[26] *Beale v. Mount Vernon Police Dep't*, 895 F.Supp.2d 576, 588 (S.D.N.Y. 2012) ("courts have regularly concluded that the occasional use of [the term "bitch"] is not severe enough to create a hostile work environment"); *see also Sardina v. United Parcel Service, Inc.*, 254 Fed.Appx. 108, 110 (2d Cir. 2007) (sexual jokes and suggestive comments by coworkers does not rise to the level of hostile work environment); *Trinidad v. New York City Dep't of Correction*, 423 F.Supp.2d 151, 167-68 (S.D.N.Y. 2006) (offhand comments, sexual remarks, name-calling does not rise to the level of hostile work environment).

[27] *Ramirez v. Temin & Company, Inc.*, 2021 WL 4392303, at *7 (S.D.N.Y. Sep. 25, 2021) (dismissing hostile work environment claim based on alleged assignment of menial tasks and intense criticism); *see also Adenji v. Admin. For Childre Services, NYC*, 43 F.Supp.2d 407, 437 (SDNY 1999) (in addition to other conduct, greeting card signed "love" insufficient to establish hostile work environment).

[28] *Maron*, 605 F.Supp.3d at 561.

[29] *See Torres v. City of New York*, 2019 WL 1765223, at *4 (S.D.N.Y. Apr. 22, 2019).

**C. Plaintiff's Title VII claim for retaliation against Slater Team should be dismissed (Count II).**

To state a retaliation claim, a plaintiff must allege: (1) participation in a protected activity, (2) that the defendant knew of the protected activity, (3) an adverse employment action, and (4) a causal connection between the protected activity and the adverse action.[30]

Plaintiff's claim that Slater Team retaliated by allegedly terminating her should be dismissed, because Plaintiff fails to adequately allege that Slater Team knew of any protected activity or that a causal connection between the activity and the adverse action existed. Plaintiff does not allege that she made a complaint to Slater. Instead, she alleges that she reported Koeneke's conduct to Walsdorf. But Plaintiff fails to allege that Koeneke or Walsdorf were "decision maker[s] with respect to her termination."[31] Plaintiff makes the vague allegation that Walsdorf "admitted to have also reported" alleged sexual harassment to Slater. (Compl. ¶ 210 (iii)). But that allegation fails to specify the content and timing of the report by Walsdorf—such vague and conclusory allegations of knowledge and causation are inadequate to state a claim premised on Slater Team's knowledge and subsequent conduct based on said knowledge.[32] Moreover, the causal connection fails, because Plaintiff alleges that Slater gave her a raise after she had allegedly complained of the purported harassment for months. (Compl. ¶ 203).[33]

---

[30] *Rasko v. N.Y.C. Admin. For Children's Services,* 734 Fed.Appx. 52, 55 (2d Cir. 2018).

[31] *Foy v. New York State Unified Court System*, __ F.Supp.3d __, 2024 WL 3210711 at *6 (E.D.N.Y. July 2, 2024) (dismissing retaliation claim where plaintiff failed to adequately allege knowledge and individuals with knowledge had no decision-making authority).

[32] *See Khaleel v. Metro One Loss Prevention Services Groups*, 469 F.Supp.2d 130, 134 (S.D.N.Y. 2007); *Saidin v. New York City Dep't of Educ.*, 498 F.Supp.2d 683, 688 (S.D.N.Y. 2007).

[33] Plaintiff also fails to allege that Slater Team caused Plaintiff's alleged revocation of her status as a Compass agent. (Compl. 212 (viii)). As such, any retaliation claim based on this alleged action against Slater Team fails. *See Ninying v. New York City Fire Dep't*, 807 Fed. Appx. 112, 115 (2d Cir. 2020) (retaliation claim fails without causation).

**D. Plaintiff's Title VII claim for discrimination/retaliation for failure to hire against Slater Team should be dismissed (Count III).**

A plaintiff claiming discriminatory failure to hire must allege that: 1) she is a member of a protected class, (2) she was qualified for the job for which he applied, (3) she was denied the job, and (4) the denial occurred under circumstances that give rise to an inference of invidious discrimination."[34] An inference of discrimination can arise from various circumstances, including comments indicating discriminatory animus or more favorable treatment of individuals not in the protected group.[35]

Plaintiff alleges that, after termination, she responded to a Compass-wide email regarding an open employment position. She alleges without any factual support that she was qualified. More than two months later, Plaintiff applied for a job (unclear from allegations if the same job), with Hudson Advisory Team. After an initial response, Hudson Advisory Team did not move forward with Plaintiff's application. (Compl. ¶ 213-14). Plaintiff goes on to allege—without any factual support—that every Defendant knew about her application and somehow participated in it being rejected. (Compl. ¶ 216).

Here again, Plaintiff fails to allege facts to support an inference of discrimination. Nowhere in Plaintiff's allegations is there a single fact asserted that could give rise to a reasonable inference of discriminatory intent by any Defendant (including Slater Team or Slater). She points to no

---

[34] *Meyenhofer v. Larsen & Toubro Infotech Ltd.*, 503 F.Supp.3d 39, 48 (S.D.N.Y. 2020).

[35] *Shukla*, 2020 WL 3181785, at *5; *Mesias v. Cravath, Swaine & Moore LLP*, 106 F.Supp.3d 431, 436 (S.D.N.Y. 2015); *Carr v. North Shore – Long Island Jewish Health Systems*, 2015 WL 4603389, at *3 (E.D.N.Y. July 30, 2015) (even allegations that applicant overheard arguable biased rhetoric not sufficient).

remarks, no similarly situated comparators who got the job, nor any other indicia of discriminatory motive. Her failure to allege this key element justifies dismissal.[36]

Instead, Plaintiff alleges the failure to hire was retaliatory on the part of all Defendants in response to her complaints regarding the purported sexual harassment and Unpaid Commission of 2021. (Compl. ¶ 213-216). To state a retaliation claim, a plaintiff must allege (1) participation in a protected activity, (2) that the defendant knew of the protected activity, (3) an adverse employment action, and (4) a causal connection between the protected activity and the adverse action.[37] Plaintiff fails to adequately allege the necessary elements.

Plaintiff fails to allege facts to support an imputation of knowledge to Slater Team. Plaintiff does not allege that she reported any complaints to Slater, and only vaguely alleges that Walsdorf "reported" unspecified complaints to Slater. (Compl. ¶ 210). As argued above, Plaintiff's allegations are inadequate to impute liability and should be dismissed.[38]

Plaintiff also fails to allege a causal connection between allegedly reporting complaints and her unsuccessful employment application to third party Hudson Advisory Team (who is not a party to this action). Indeed, she does not allege that Slater Team or Slater were in any way involved in or had any authority with respect to the decision not to hire her. (Compl. ¶ 213-215).[39] Plaintiff's only allegation involving Slater Team or Slater is that "Defendants knew about Scivetti's application" and "intentionally participated and/or aided and abetted." That conclusory

---

[36] *Shukla*, 2020 WL 3181785, at *5; *Mesias*, 106 F.Supp.3d at 436; *Carr*, 2015 WL 4603389, at *3.
[37] *Rasko,* 734 Fed.Appx. at 55.
[38] *See* Section III.C, *supra*.
[39] In fact, Plaintiff alleges that Slater gave her what she indicates is a positive review after termination. (Compl. ¶ 219).

allegation—offered without a single fact in support—is not sufficient to plead a "causal connection" for purposes of a Title VII claim for retaliation against Slater Team.[40]

**E.    Plaintiff's COBRA notice claim against Slater Team should be dismissed (Count IV).**

Under COBRA, an employer must notify an employee of her right to continue coverage when a qualifying event, such as termination, occurs.[41] COBRA applies to employers with twenty or more employees.[42] "While statutory damages are available for failure to comply with COBRA's notice provision, they are available only against the actual plan administer-not against an employer who is not the plan administrator. Thus, to successfully plead a COBRA claim, a plaintiff must name the plan administrator as a defendant."[43]

Plaintiff asserts a claim against Slater Team for failure to provide a COBRA notice at termination, and seeks penalties and damages (Compl. ¶ 212, 278-289). Plaintiff's COBRA notice claim fails for numerous reasons. First, Plaintiff fails to allege that Slater Team employed more than twenty employees. (Compl. ¶ 133).[44] Second, Plaintiff lacks standing, because she fails to plead any injury in fact as a result of Slater Team's alleged failure to provide the COBRA notice. Indeed, she "does not allege that she did not continue her health coverage; she pleads only a statutory violation of the notice requirement. That is insufficient."[45] Third, Plaintiff fails to name the plan administrator as a defendant, and does not name Slater Team as the plan administrator anywhere in the Complaint.[46] As a result, the claim should be dismissed.

---

[40] *Ochei v. Mary Manning Walsh Nursing Home Co.,* 2011 WL 744738, at *3 (S.D.N.Y. Mar. 1, 2011).

[41] *Gallardo v. IEH Corp.*, 2022 WL 4646514, at *7 (E.D.N.Y. Oct. 1, 2022).

[42] *See* 29 USC 1161(b).

[43] *Gill v. ACACIA Network*, 2015 WL 1254774, at *4 (S.D.N.Y. Mar. 18, 2015).

[44] *Danser v. Bagir Int'l, Inc*., 2013 WL 5220902, at *2 (S.D.N.Y. Sept. 17, 2013).

[45] *Gallardo*, 2022 WL 4646514, at *7.

[46] *Gill*, 2015 WL 1254774, at *5.

**F.    Plaintiff's claim for a violation of NYSHRL and NYCHRL due to sexual harassment against Slater Team and Slater should be dismissed (Counts V and VIII).[4748]**

Although the pleading requirements may be more lenient for the (post-amendment) NYSHRL and NYCHRL, a plaintiff must still "allege facts showing that she was subjected to unwanted gender-based conduct."[49] Ultimately, a plaintiff must demonstrate by a preponderance of the evidence that she has been treated less well than other employees *because of her gender*. However, courts are mindful that the state and local human rights laws are "not a general civility code and does not apply to conduct that a reasonable victim would consider petty slights and inconveniences."[50]

Plaintiff fails to allege conduct by Slater Team or Slater that gives rise to a claim. As argued above, Plaintiff makes no allegation that Slater Team and/or Slater took any adverse employment actions because of Plaintiff's gender.[51] Similarly, Plaintiff fails to allege conduct to plausibly assert that she was treated less well because of her gender, as opposed to another reason. Rather, she points to unspecified, sporadic, ungendered statements and conduct, the majority of which is not even alleged to be directed at Plaintiff.[52] Here, "even viewed in their totality, these statements fall short of stating an NYCHRL claim."[53] Other comments regarding the topic of sex are not linked

---

[47] Because this Court has jurisdiction pursuant to federal question jurisdiction and not diversity, and because Plaintiffs' federal claims should be dismissed, the Court should decline to exercise jurisdiction over Plaintiffs' pendant state and local law claims. *See Christy v. Warden of Rikers Island*, 2022 WL 3716268, at *4 (SDNY Aug. 29, 2022) (generally federal courts should decline pendant jurisdiction when all federal claims have been dismissed).

[48] Although Defendants do not admit that the standards for the NYSHRL and NYCHRL are the same, for purposes of this motion, Defendants analyze them together.

[49] *Yost v. Everyrealm, Inc.*, 657 F.Supp.3d 563, 578 (S.D.N.Y. 2023).

[50] *Id.*

[51] *See* Section III.B, *supra*; *see also Yost*, 657 F.Supp.3d at 580 ("defendant's conduct must have been keyed to a protected characteristic of the plaintiff"); *Shukla*, 2020 WL 3181785, at *10-11.

[52] *See* Section III.B, *supra*.

[53] *Yost*, 657 F.Supp.3d at 580.

to Plaintiff's gender—such remarks, while perhaps inappropriate, "are disconnected from any protected characteristic of" Plaintiff's.[54]

Plaintiff's allegations regarding unwanted gender-based conduct do not implicate Slater individually.[55] Nor does Plaintiff allege facts to support a reasonable inference that the alleged conduct should be imputed to Slater Team or Slater.[56] Slater Team and Slater's lack of participation or knowledge merits dismissal.[57]

### G. Plaintiff's claim for a violation of NYSHRL and NYCHRL due to retaliation against Slater Team and Slater should be dismissed (Counts VI and IX).

"The elements of a prima facie case of retaliation under Title VII, NYSHRL, and the NYCHRL are identical, except that the NYCHRL employs a broader standard of an adverse employment action than its federal and state counterparts."[58]

As with Plaintiff's Title VII claim for retaliation with respect to termination and revocation of license, Plaintiff fails to allege facts to satisfy the required knowledge and causation elements of a retaliation claim. Plaintiff does not allege that she reported any misconduct to Slater. As such, she relies solely on the inadequate allegation that Walsdorf "reported" some unspecified information to Slater at some unspecified time.[59] Plaintiff also does not allege that Slater Team or

---

[54] *Id.*

[55] *Mondelo v. Quinn, Emanuel, Urquhart & Sullivan, LLP*, 2022 WL 521551, at *13 (S.D.N.Y. Feb. 22, 2022) ("a plaintiff must plead that the alleged aider and abettor actually participated in the discriminatory conduct of the primary violator") (internal quotations omitted).

[56] *Torres v. City of New York*, 2019 WL 1765223, at *5.

[57] *See* Section III.B, *infra*.

[58] *Smith v. City of New York*, 385 F.Supp.3d 323, 344 (S.D.N.Y. 2019).

[59] *See* Section III.C, *supra*.

Slater were involved in the revocation of Plaintiff's license. As such, the NYSHRL and NYCHRL retaliation claims against Slater Team and Slater should be dismissed.[60]

### H. Plaintiff's claim for a violation NYSHRL and NYCHRL due to failure to hire against Slater Team and Slater should be dismissed (Counts VII and X).

"The elements of a prima facie case of retaliation under Title VII, NYSHRL, and the NYCHRL are identical, except that the NYCHRL employs a broader standard of an adverse employment action than its federal and state counterparts."[61]

As with Plaintiff's Title VII claim based on failure to hire, Plaintiff fails to allege facts to support a reasonable inference that she was not hired because of her gender. Instead, she blames this failure to hire on retaliatory motive. However, the allegations in support of Plaintiff's retaliation claim do not support a plausible inference that either Slater Team or Slater knew about Plaintiff's complaints *or* that they were in any way involved in the decision not to hire Plaintiff for the alleged role.[62] As a result, Slater Team and Slater are neither alleged to have the required knowledge nor causal connection to the purported retaliation. As such, the claims against them should be dismissed.[63]

### I. Plaintiff's claims for a violation of NYLL Section 191(1) against Slater Team and Slater should be dismissed (Count XI)

NYLL Section 191(1)(c)[64] provides, in pertinent part, that a "commission salesperson shall be paid the . . . commission . . . earned or payable in accordance with the agreed terms of

---

[60] *Smith*, 385 F.Supp.3d at 346 (dismissing claim where no evidence that defendant knew of the complaint or any causal connection); *Romano v. A360 Media, LLC*, 2023 WL 348459, at *12 (S.D.N.Y. Jan. 20, 2023) (dismissing for failure to allege knowledge).

[61] *Smith*, 385 F.Supp.3d at 344.

[62] *See* Section III.C *supra*.

[63] *Smith*, 385 F.Supp.3d at 346 (dismissing claim where no evidence that defendant knew of the complaint or any causal connection); *Romano*, 2023 WL 348459, at *12.

[64] Plaintiff cites to a violation of Section 190(1)(c), which does not exist. As a result, this section is analyzed pursuant to Section 191. There is a split among New York courts as to whether Section

employment" pursuant to certain time restrictions. A "commission sales[person]" is "any employee whose principal activity is the selling of real estate . . . and whose earnings are based in whole or in part on commission. The term 'commission sales[person]' does not include an employee whose principal activity is of a supervisory, managerial, executive or administrative nature."[65] A claim brought pursuant to the provision "hinges on whether Plaintiff is owed commission earned . . . in accordance with the agreed terms of employment."[66]

Plaintiff asserts a violation of Section 191(1)(c) on the sole basis that the Unpaid Commission of 2021 was not paid "upon receipt by Compass of the Compass fees from Compass' Real Estate Business transactions." (Compl. ¶ 195, 440). Plaintiff's claims should be dismissed for failure to state a claim.

First, Plaintiff fails to adequately allege that she is a "commission salesperson"[67] within the meaning of the statute. Plaintiff fails to allege that her "principal duty" was sales, as required.[68] To the contrary, Plaintiff alleges that for the duration of her association with Slater Team, she was in an "Administrative Staff position," whose role included "administrative operations, duties and responsibilities" and "back-office support"—as distinct from "agents" and "brokers" (Compl. ¶ 24, 194). Plaintiff further alleges that, at some point later on, she was assigned as "Team Manager," which functions included preparation of marketing reports, scheduling, accumulating and preparing transactions, creating a database to store documents, creating spreadsheets, supervising

---

191 grants Plaintiff a private right of action. *See Grant v. Glob. Aircraft Dispatch, Inc*., 223 A.D.3d 712, 714-20 (2d Dep't 2024); *compare with Vega v. CM & Associates Construction Mgmt*., 175 A.D.3d 1144 (1st Dep't 2019). Defendants assert it does not.

[65] NYLL 190(6).

[66] *Altamura v. Reliance Comms., LLC*, 2023 WL 2504238, at *5 (E.D.N.Y. Feb. 29, 2023) (internal citations and quotations omitted).

[67] Slater Team and Slater do not admit that the Unpaid Commission constitutes a "wage" pursuant to the NYLL.

[68] *Tal v. Computech Int'l, Inc*., 2023 WL 7347219, at *5 (E.D.N.Y. Oct. 18, 2023).

duties of a new marketing assistant, preparing drafts of rental contracts, and staging tasks. (Compl. ¶ 203). Plaintiff's allegations simply do not support her conclusory allegation that she was a "commission salesperson." As a result, fails to state a claim under Section 191(1)(c).[69]

Second, Plaintiff's "failure to establish a contractual right to wages necessarily precludes a statutory claim under New York labor law."[70] As argued below, Plaintiff fails to adequately allege the existence of a contract establishing a right to commission.[71] Nor does she even allege that each of the vague terms of the agreement that she does identify—e.g., that Compass received the fees—were satisfied. In addition, as argued below, to the extent the agreement for payment of commissions is alleged to be oral, it is unenforceable, rendering " the claim insufficient as a matter of law."[72]

### J. Plaintiff's claim for a violation of NYLL Section 215 against Slater Team and Slater should be dismissed (Count XII)

NYLL Section 215(1)(a)(i) provides that an "employer . . . or any other person" may not retaliate against an employee because "such employee has made a complaint to his or her employer . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision [of the NYLL]."

Plaintiff alleges a violation of Section 215 based on purported retaliation by Slater Team and Slater in response to Plaintiff's alleged complaint regarding the Unpaid Commission of 2021. (Compl. ¶ 445-458). To plead such a claim, a plaintiff must allege (1) participation in a protected activity known to defendant, (2) an employment action disadvantaging plaintiff, and (3) a causal

---

[69] *Id*.

[70] *Tal v. Computech Int'l, Inc.*, 2022 WL 18135290, at *5 (E.D.N.Y. Dec. 1, 2022) (pleading that commission is part of compensation inadequate to state a claim).

[71] *See* Section III.N, *infra*.

[72] *See* Section III.N, *infra*; *see also Altamura*, 2023 WL 25043238 at *6.

connection between the protected activity and the adverse employment action.[73] Importantly, "to satisfy the first prong, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection."[74]

Plaintiff's allegations regarding the alleged complaints to Slater Team and Slater fall well short of the pleading required. With respect to the Unpaid Commission, Plaintiff's limited allegations are that she "complained" to Walsdorf and Slater over a non-descript period ranging from "middle of 2021 – August 2, 2022." (Compl. ¶ 210). Such vague allegations do not "rise[] to the level of specificity required to state a retaliation claim under the . . . [NYLL], as there is no indication that Plaintiff[] [was] actually complaining of [an NYLL] violation such that these complaint constituted an assertion of rights protected by the statute and a call for [] protection."

Plaintiff's failure to draw a causal link is also fatal to her claim.[75] Plaintiff alleges that she began complaining regarding the Unpaid Commission beginning in July 2021 (Compl. ¶ 207, 210), and yet, she also alleges that she was promoted and given a raise on July 25, 2022 (the same day she alleges Slater acknowledged her complaint of the Unpaid Commission) (Compl. ¶ 203, 212). She alleges no further specific complaints to Slater regarding the Unpaid Commission, and in fact affirmatively alleges that Slater and Walsdorf gave her satisfactory reviews and assisted her in her job search despite no obligation to do so (Compl. ¶ 213, 219). Further, much of the retaliatory conduct is not alleged by Plaintiffs to be carried out by or causally linked to Slater Team or Slater. Indeed, Slater Team and Slater are not alleged to have any control over Plaintiff's alleged

---

[73] *Kassman v. KPMG, LLP*, 925 F.Supp.2d 453, 472 (S.D.N.Y. 2013).
[74] *Id*.
[75] *Id*. (causal connection required to state a claim).

revocation of real estate license, communications from Walsdorf and Koeneke, or the Hudson Advisory Team's decision not to hire Plaintiff for an open position. (Compl. ¶ 212-213).

In addition, Plaintiff fails to consistently allege that Slater Team was her employer within the meaning of the statute (Compl. ¶ 63, 495), making the statutory requirement inapplicable.

### K. Plaintiff's claim for a violation of NYLL Section 195(1) against Slater Team should be dismissed (Count XV)

NYLL Section 195(1) provides for an employer, at the time of hiring, to include a notice with the "regular pay day designated by the employer in accordance with Section 191."

In support of her claim, Plaintiff alleges that Slater Team "furnished Plaintiff with an improper Hiring Notice in that Plaintiff's Hiring Notice did not include the regular pay day designated by the Slater Team." (Compl. ¶ 473). Plaintiff's claim should be dismissed for lack of standing and failure to state a claim.

As an initial matter, Plaintiff lacks standing due to her failure to allege any injury in fact stemming from the alleged statutory violation.[76] Indeed, Plaintiff admits she seemingly had information regarding her "initial compensation." (Compl. ¶ 195). Plaintiffs' lack of standing merits dismissal.

In addition, the requirements of NYLL Section 195(1) only apply to an employer. Plaintiff alleges that she was an independent contractor (Compl. ¶ 63) and freelance worker (Compl. ¶ 495) for Slater Team. As such, Plaintiff, fails to adequately plead that Slater Team is an employer or that she is an employee, making the statute inapplicable.[77]

---

[76] *Neor v. Acacia Network, Inc.*, 2023 WL 1797267, at *4 (S.D.N.Y. Feb. 7, 2023) (dismissing claim for violation of Section 195(1) for lack of standing due to failure to allege injury); *Torres v. Golden Home Furniture*, 2023 WL 3793850, at *2 (S.D.N.Y. May 10, 2023) (same).
[77] *DeLuca v. AccessIT Group, Inc.*, 695 F.Supp.2d 54, 63 (S.D.N.Y. 2010).

**L. Plaintiff's claim for a violation of NYLL Section 195(6) against Slater Team should be dismissed (Count XVI)**

NYLL Section 195(6) provides for an employer, at the time of termination, to notify an employee of the date of termination and the cancellation of employee benefits. Plaintiff alleges that Slater Team "never furnished Plaintiff with a Termination Notice." (Compl. ¶ 478). Plaintiff's claim should be dismissed for lack of standing and failure to state a claim.

Plaintiff lacks standing due to her failure to allege any injury in fact stemming from the alleged violation of Section 195(6).[78] "Here, Plaintiff does not allege that she did not continue her health coverage; she pleads only a statutory violation of the notice requirement. That is insufficient."[79]

In addition, as argued above, Plaintiff fails to consistently allege that Slater Team was her employer within the meaning of the statute (Compl. ¶ 63, 495), making the statutory requirement inapplicable.

**M. Plaintiff's claim for a violation of FIFA Section 20-930 against Slater Team should be dismissed (Count XVIII)**

A claim pursuant to Section 20-930 requires that a Plaintiff demonstrate that a hiring party undertook efforts to threaten or a deny a work opportunity to or discriminate against a freelance worker from "exercising or attempting to exercise any right guaranteed under this chapter, or from obtaining a future work opportunity because the freelance worker has done so."[80] FIFA may protect rights to a written contract upon request and prompt payment.[81]

---

[78] *Gallardo*, 2022 WL 4646514, at *7 (dismissing plaintiff's claim for violation of Section 195(6*)); Cadet v. Alliance Nursing Staffing of N.Y.*, 932 F.Supp.3d 202, 224 (S.D.N.Y. 2022) ("Plaintiff does not explain how [failure to provide a notice of termination] was actually injurious")
[79] *Gallardo*, 2022 WL 4646514, at *7.
[80] *Sandles v. Magna Legal Svs., LLC*, 62 Misc.3d 761, 769 (N.Y. Civ. Ct. 2018).
[81] *Id*.

In support of her claim, Plaintiff conclusorily alleges that Slater Team was a "hiring party" and Plaintiff was a "freelance worker" pursuant to the statute. (Compl. ¶¶ 494-495). Plaintiff's claim rests upon the assertion that Slater Team retaliated based upon Plaintiff's complaints regarding the alleged Unpaid Commission and points specifically to the termination (Compl. ¶ 212) and alleged failure to hire (Compl. ¶ 214). Plaintiff's claim should be dismissed for failure to state a claim.

First, Plaintiff fails to allege the existence of an underlying contract. As established below,[82] Plaintiff does not allege even the most basic facts to support a reasonable inference of the existence of a contract. Nor does Plaintiff allege what, if any, transactions or conduct by Slater Team breached such contract, nor how such breach resulted in harm to Plaintiff. Failure to allege the existence of an underlying contract upon which to premise FIFA coverage is fatal to her claim.

Second, Plaintiff fails to adequately allege that she was a freelance worker covered by FIFA. A claim under FIFA requires that the plaintiff be a "freelance worker," which is defined as "any natural person . . . that is hired or retained as an independent contractor by a hiring party to provide services in exchange for compensation."[83] Here, although Plaintiff conclusorily alleges that she was a "freelance worker as defined by FIFA," she also alleges that she was an employee "at all times" (Compl. ¶ 61)—making the statute inapplicable.[84]

Third, insofar as Plaintiff's claim arises from her allegations of retaliation based on purported sexual harassment or with respect to the alleged failure to hire, the claim fails. Because FIFA does not apply to claims for sexual harassment[85] (and Slater Team had no knowledge or alleged role), that conduct cannot form basis for her claim.

---

[82] *See* Section III.N, *infra*.
[83] Section 20-927.
[84] *Varn v. Orchestrade, Inc.*, 2020 WL 13558690, at *11 (E.D.N.Y. Mar. 30, 2020).
[85] *Sandals*, 62 Misc.3d at 769.

**N.  Plaintiff's claim breach of contract against Slater Team should be dismissed (Count XIX)**

To state a claim for breach of contract, a plaintiff must allege: (1) existence of a contract, (2) adequate performance by plaintiff, (3) breach of defendants, and (4) damages.[86] "Stating in a conclusory manner than an agreement was breached does not sustain a claim for breach of contract."[87] "At minimum, a complaint must plead the specific provisions of the contract that were allegedly breached and the specific actions of the defendants that constituted the breach."[88]

In support of her breach of contract claim against Slater Team, Plaintiff alleges that she, on the one hand, and Compass and Slater Team, on the other, had a "written and/or oral contract wherein Scivetti would provide services to Employer in exchange for commission," and that Compass and Slater Team breached the contract by failing to pay her "in accordance with the terms thereof" and specifically with respect to the Unpaid Commission of 2021. (Compl. ¶ 506-510). Plaintiff's claim for breach of contract should be dismissed for failure to state a claim.

Plaintiff fails to plead even the most basic facts regarding the contract. Indeed, she fails to identify the particulars of the contract, state whether the contract was written or oral, what if any provision was breached, any facts in support of the conduct that constituted the alleged breached, and what specific damages resulted from the alleged breach. Such pleading deficiencies render the breach of contract claim inadequately alleged.[89] Nevertheless, without identifying any transactions, performance on Plaintiff's part, or whether Slater Team or Compass even received

---

[86] *Berman v. Sugo LLC*, 580 F.Supp.2d 191, 202 (S.D.N.Y. 2008).
[87] *Id*.
[88] *Anderson v. Green*, 774 F.App'x 694, 697 (2d Cir. 2019).
[89] *Kurtanidze v. Mizuho Bank, Ltd.*, 2024 WL 1117180, at *17 (S.D.N.Y. 2024) (dismissing breach of contract claim when complaint "fail[ed] to identify the contract at issue—whether it was written or oral, when it was concluded between the parties, and what its terms are—much less identify specific provisions that [defendant] breached").

commission/payment, she baldly states that she was owed (but later paid) $20,789.17 in commission from 2021. (Compl. ¶ 205). Courts have found such bare legal conclusions, including in the context of alleged contracts for commissions, to be insufficient to adequately allege a claim for breach of contract.[90]

Moreover, to the extent the contract is alleged to be oral, it is unenforceable pursuant to the Statute of Frauds. "It is well-settled that a service contract of indefinite duration, in which one party agrees to procure customers or accounts or orders on behalf of the second party, is not by its terms performable within one year—and hence must be in writing . . . since performance is dependent, not upon the will of the parties to the contract, but upon that of a third party."[91] Plaintiff alleges the contract was "oral" (Compl. ¶ 506) and, although she inconsistently alleges that it was written, she provides no allegations to support a plausible inference that a written contract existed.

**IV**
**CONCLUSION**

For the foregoing reasons, Slater Team and Slater respectfully request that this Court issue an Order dismissing Plaintiff's claims against Slater Team and Slater with prejudice and any other relief as is just and proper.

---

[90] *Tal*, 2022 WL 18135290, at *4 (dismissing breach of contract claim for commissions where plaintiff failed to provide facts regarding the value of the sales, that the sales were fulfilled, that defendant realized the profits of same); *Ally Financial Inc v. Comfort Auto Group NY LLC*, 2021 WL 4033249, at *5-6 (E.D.N.Y. 2021); *Giugliano v. FS2 Capital Partners, LLC*, 2015 WL 52124796, at *15 (E.D.N.Y. Sep. 1, 2015).
[91] *Altamura*, 2023 WL 2504238 at *6 (internal citations and quotations omitted).

Dated:  July 25, 2024
New York, New York

Respectfully submitted,

/s/William A. Brewer IV

**BREWER, ATTORNEYS &
COUNSELORS**
William A. Brewer IV
wbb@brewerattorneys.com
750 Lexington Avenue, 14th Floor
New York, New York 10022
Telephone:  (212) 489-1400

***ATTORNEYS FOR DEFENDANTS
SLATER   CONSULTING   CORP.
AND IAN SLATER***