# *ALAN J. BENNETT, PLLC*

## *ATTORNEYS AT LAW*

*369 Lexington Avenue*
*Suite 217*
*New York, New York 10017*
*Telephone: (212) 696-2116*
*Facsimile: (212) 696-2115*

September 5, 2024

**VIA ECF**

Honorable Judge Dale E. Ho
United States District Court
Southern District Of New York
40 Foley Square
New York, New York 10007

    Re:    Daniela Scivetti vs. Compass, Inc., Slater Consulting Corp., Trove Partners, Inc., Julian Berkeley, Ian Slater, Michael Koeneke and Brett Walsdorf
    Index #: 1:24-cv-03868-DEH

Dear Honorable Judge Ho:

    My law firm is counsel for the plaintiff DANIELA SCIVETTI ("Scivetti") in the above-captioned action.

    This letter application is respectfully submitted jointly with counsel for defendant BRETT WALSDORF ("Walsdorf"), pursuant to Rule 7 of Your Honor's Individual Rules, to:

1. So-order the Stipulation Of Partial Settlement (See: Exhibit "1"- the "Walsdorf Settlement"), which sets forth the terms of the settlement heretofore reached in principle to resolve the subject action solely as between Scivetti and Walsdorf (collectively referred to as the "Settling Parties", with this action remaining in full force and effect, and without prejudice, as against the remaining defendants- the "Non-Settling Defendants"). See also: Exhibit "2" (Affidavit of Walsdorf- the "Walsdorf Affidavit"); or in the alternative,

2. If the Court deems the Walsdorf Settlement unlawful or otherwise improper, to vacate this settlement and reopen this action as against Walsdorf, for its prosecution on the merits.

See, infra.

By Order dated August 9, 2024 (See: ECF, Doc. #38), Your Honor granted a thirty (30) day extension for the Settling Parties to either consummate the terms their settlement, or to seek to vacate this settlement and to reopen this action against Walsdorf.

In accordance therewith, the Settling Parties have now consummated the terms of the Walsdorf Settlement.

Pursuant thereto, Walsdorf offers the Walsdorf Affidavit with supporting exhibits, and agrees in the future to cooperate with Scivetti, to the extent necessary, in her prosecution of this action against the Non-Settling Defendants, in exchange for Scivetti's discontinuance of this action against Walsdorf. See: Exhibit #'s 1-2.

The so-ordering of the Walsdorf Settlement is now respectfully requested.

Towards that end, both Settling Parties were represented by counsel during the negotiations of the Walsdorf Settlement, and agree to the terms thereof. Furthermore, it is respectfully submitted that the Non-Settlement Defendants neither would be prejudiced from, nor have standing to object to, the so-ordering of the Walsdorf Settlement. See, infra.

As a general matter of law, "…non-settling defendants, in general, lack standing to object to a partial settlement, because they are ordinarily not affected by such a settlement. There is, however, a recognized exception to this general rule, which permits non-settling defendants to object to a partial settlement where they can demonstrate that they will suffer some formal legal prejudice as a result of the partial settlement. There is consensus that a non-settling defendant has standing to object to a partial settlement which purports to strip it of a legal claim or cause of action, an action for indemnity or contribution for example, or to invalidate its contract rights." (internal citations omitted). Eichenholtz v. Brennan, 52 F.3d 478, 482 (3d Cir. 1995).

Moreover, "under the set-off rule, when a plaintiff receives a settlement from one defendant, a non-settling defendant is entitled to a credit of the settlement amount against any judgment obtained by the plaintiff against the non-settling defendant as long as both the settlement and judgment represent common damages. Singer v. Olympia Brewing Co., 878 F.2d 596, 600 (2d Cir. 1989) (citing Hess Oil Virgin Islands Corp. v. UOP, Inc., 861 F.2d 1197, 1208 (10th Cir. 1988); U.S. Industries, Inc. v. Touche Ross & Co., 854 F.2d 1223, 1236 (10th Cir. 1988); Restatement (Second) of Torts § 885(3), comments e & f) ); see Allstate Ins. Co. v. Polack, No. 8-0565, 2012 WL 4489282, at *7 (E.D.N.Y. Sept. 12, 2012) (quoting Chubb & Son, 2010 U.S. Dist. LEXIS 141842, at *32, 2010 WL 5978913 (E.D.N.Y.) ), report and recommendation adopted, No. 08-565, 2012 WL 4490775 (E.D.N.Y. Sept. 28, 2012)." Allstate Ins. Co. v. Yehudian, No. CV144826JSAKT, 2018 WL 1767873, at *18 (E.D.N.Y. Feb. 15, 2018), report and recommendation adopted, No. 14-CV-4826(JS)(AKT), 2018 WL 1686106 (E.D.N.Y. Mar. 31, 2018)

The Walsdorf Settlement neither addresses, waives, nor otherwise affect any legal defense which the remaining defendants may have to the causes of action raised herein, and Scivetti is not receiving any form of monetary compensation from Walsdorf as a term of the Walsdorf Settlement. The Non-Settlement Defendants would be free to cross-examine Walsdorf should he testify at a pre-trial deposition and/or at a trial of this action, and would be free to raise any legal objections which may be available to the use of the Walsdorf Affidavit in this action. See :

Armco Inc. v. N. Atl. Ins. Co., 68 F. Supp. 2d 330 (S.D.N.Y. 1999) (the Court approved a partial settlement of an action, pursuant to which the settling defendant offered a Statement of Facts as against the non-settling defendants).

Finally, as You Honor is aware, the remaining defendants have not formally appeared in this action- that is, rather than filing Answers, the Non-Settling Defendants instead have filed Pre-Answer Motions to be dismissed, which are in the process of being briefed. See: ECF, Doc. #'s 25-36.

Accordingly, it is respectfully requested that this application be granted.

I thank this Honorable Court for its time and attention to this matter. I am free to provide this Honorable Court with any further information as may be needed to address and issue a decision on this application.

Very Truly Yours,

Alan J. Bennett (AJB-1635)

cc. All Defendants (Via ECF)