UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DANIELA SCIVETTI,                                           :
                                                            :
                              Plaintiff,                     :
                                                            :
                 vs.                                        :     Civil Action No.:
                                                            :     1:24-cv-03868-DEH
COMPASS, INC., SLATER CONSULTING           :
CORP., TROVE PARTNERS, INC., JULIAN         :
BERKELEY,   IAN   SLATER,   MICHAEL          :     **ORAL ARGUMENT
KOENEKE, and BRETT WALSDORF,                :     REQUESTED**
                                                            :
                                                            :
                              Defendants.                    :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**CONSOLIDATED REPLY MEMORANDUM OF LAW
IN SUPPORT OF THE MOTIONS TO DISMISS OF DEFENDANTS COMPASS, INC.,
SLATER CONSULTING CORP., TROVE PARTNERS, INC., JULIAN BERKLEY, IAN
<u>SLATER, AND MICHAEL KOENEKE</u>**

**TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ..................................................................................1

II. ARGUMENTS ON BEHALF OF ALL DEFENDANTS ........................................4

   A.  Plaintiff Misconstrues the Standard on a Motion to Dismiss ............................4

   B.  Plaintiff's Title VII Sexual Harassment Claim is Time-Barred and Fails to Link Any Purported Misconduct to Her Sex or Gender...................................5

      1.  The Purported Misconduct Is Outside the 300-Day Period .....................5

      2.  The Continuing Violation Doctrine is Inapplicable .................................5

   C.  Plaintiff's Claims For Sex Discrimination, Harassment, and Failure to Hire Must be Dismissed.................................................................................6

   D.  Plaintiff's Request for Judicial Notice Of the Walsdorf Affidavit is Improper ...............8

   E.  Plaintiff's COBRA Notice Claim Fails .............................................................9

   F.  Plaintiff's Failure to Allege An Injury Deprives Her of Requisite Standing to Assert Notice Claims under NYLL § 195..................................................10

III. ARGUMENTS FOR COMPASS DEFENDANTS, SLATER TEAM AND SLATER..........11

   A.  Plaintiff's Breach of Contract Claim Fails ......................................................11

   B.  Plaintiff's Claims Under the Freelance Isn't Free Act Fail .............................12

IV. ARGUMENTS ON BEHALF OF THE COMPASS DEFENDANTS ONLY ......................13

   A.  Compass Was Not Plaintiff's Employer Under the Anti-Discrimination Laws or New York Labor Law...........................................................................13

   B.  Plaintiff Cannot Establish Her Title VII, NYSHRL or NYCHRL Sexual Harassment, Gender Discrimination and Retaliation Claims Even If She Is Deemed An Employee or an Independent Contractor.........................................14

   C.  Plaintiff's Aider and Abettor Claims Fails as to Berkeley ..............................16

   D.  The NYLL §§ 191 and 215 Claims Must Be Dismissed as to the Compass Defendants17

V. ARGUMENTS FOR THE SLATER TEAM AND SLATER ..................................18

i

A.    The Discrimination, Retaliation, and Failure to Hire Claims Must be Dismissed Because they Fail to Plausibly Allege Knowledge and/or Causation ............................18

B.    Plaintiff's NYLL Section 191(1) Claim Fails .................................................................20

C.    Plaintiff's Claim for Violation of NYLL Section 215 Fails ...........................................20

VI. CONCLUSION ..................................................................................................................20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Areu v. Fox News Network, LLC*,
   No. 20-CV-8678, 2021 WL 4124226 (S.D.N.Y. Sept. 9, 2021)...................................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...................................................................................................................4, 6

*Beale v. Mount Vernon Police Dep't*,
   895 F. Supp. 2d 576 (S.D.N.Y. 2012).......................................................................................7

*Beh v. Cmty. Care Companions Inc.*,
   No. 1:19-CV-01417 (JLS) (MJR), 2022 WL 5039391 (W.D.N.Y. Sept. 29,
   2022) ...........................................................................................................................................11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).....................................................................................................................4

*Carmody v. N.Y.U.*,
   No. 21 Civ. 8186 (LGS), 2023 WL 5803432 (S.D.N.Y. Sept. 7, 2023)....................................16

*Chambers v. Time Warner, Inc.*,
   282 F.3d 147 (2d Cir. 2002)........................................................................................................7

*Christy v. Warden of Rikers Island*,
   No. 19-CV-9666 (JPC), 2022 WL 3716268 (S.D.N.Y. Aug. 29, 2022)....................................4

*Duch v. Jakubek*,
   588 F.3d 757 (2d Cir. 2009).......................................................................................................14

*E. Materials Corp. v. Mitsubishi Plastics Composites Am., Inc.*,
   No. 2:17-cv-01034 (ADS)(AYS), 2017 WL 4162309 (E.D.N.Y. Sept. 19,
   2017) ...........................................................................................................................................11

*Francisco v. NY Tex Care, Inc.*,
   No. 19-CV-1649 (PKC)(ST), 2022 WL 900603 (E.D.N.Y. Mar. 28, 2022) ............................11

*Garcia v. Yonkers Bd. of Educ.*,
   188 F. Supp. 3d 353 (S.D.N.Y. 2016)......................................................................................5, 6

*Gill v. Acacia Network*,
   No. 13-CV-9088 (TPG), 2015 WL 1254774 (S.D.N.Y. Mar. 18, 2015)..................................10

*Glob. Network Commc'ns, Inc. v. City of New York*,
   458 F.3d 150 (2d Cir. 2006)........................................................................................................9

*Gomez v. New York City Dep't of Educ.*,
   No. 21-CV-01711 (AT)(SN), 2022 WL 6564737 (S.D.N.Y. Aug. 15, 2022) .........................6

*Henderson v. Physician Affiliate Grp. of N.Y. P.C.*,
   No. 18-cv-3430, 2019 WL 3778504 (S.D.N.Y. Aug. 12, 2019)...............................14

*Humphries v. City Univ. of New York*,
   No. 13-CV-2641 (PAE), 2013 WL 6196561 (S.D.N.Y. Nov. 26, 2013)..................................8

*Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*,
   146 F.3d 66 (2d Cir. 1998)...............................................................9

*Lee v. Mikimoto (Am.) Co.*,
   No. 22-CV-01923-PAC, 2023 WL 2711825 (S.D.N.Y. Mar. 30, 2023)...................................9

*Liang v. USA QR Culture Indus. Dev. LLC*,
   704 F. Supp. 3d 408 (S.D.N.Y. 2023)..............................................................10, 11

*Lima v. Napoli*,
   No. 19-CV-1699 (JMA) (ST), 2023 WL 2731689 (E.D.N.Y. Mar. 31, 2023)........................17

*Mack v. Otis Elevator Co.*,
   326 F.3d 116 (2d Cir. 2003)..............................................................18

*Maiurano v. Cantor Fitzgerald Secs.*,
   No. 19 Civ. 10042 (KPF), 2021 WL 76410 (S.D.N.Y. Jan. 8, 2021).............................4, 7, 14

*Maron v. Legal Aid Soc'y*,
   605 F. Supp. 3d 547 (S.D.N.Y. 2022)..............................................................7

*McHenry v. Fox News Network, LLC*,
   510 F. Supp. 3d 51 (S.D.N.Y. 2020)..............................................................16

*Medina v. AAM 15 Mgmt., LLC*,
   No. 21-CV-7492 (KMK), 2023 WL 2648299 (S.D.N.Y. Mar. 27, 2023) ...............................8

*Mondelo v. Quinn, Emanuel, Urquhart & Sullivan, LLP*,
   No. 21 Civ. 02512 (CM), 2022 WL 524551 (S.D.N.Y. Feb. 22, 2022) ...............................19

*Ochei v. Mary Manning Walsh Nursing Home Co.*,
   No. 10 Civ. 2548 (CM), 2011 WL 744738 (S.D.N.Y. Mar. 1, 2011)....................................20

*Pachter v. Bernard Hodes Grp., Inc.*,
   10 N.Y.3d 609, 861 N.Y.S.3d 246 (2008) ..............................................................12

*Palmer v. Cook*,
   65 Misc. 3d 374, 108 N.Y.S.3d 297 (Sup. Ct. Queens Cnty. 2019) ....................................4, 7

*Prince v. Cablevisions Sys. Corp.*,
No. 04 Civ. 8151(RWS), 2005 WL 1060373 (S.D.N.Y. May 6, 2005) ..................................7

*Quinn v. Green Tree Credit Corp.*,
159 F.3d 759 (2d Cir. 1998)................................................................................7

*Reed v. Fortive Corp.*,
No. 21-CV-6312 CJS, 2023 WL 4457908 (W.D.N.Y. Jul. 11, 2023), *aff'd,* No.
23-1075, 2024 WL 1756110 (2d Cir. Apr. 24, 2024) ..........................................4, 7

*Regan v. Vill. of Pelham*,
No. 19 Civ. 7987 (NSR), 2021 WL 1063320 (S.D.N.Y. Mar. 19, 2021) .................................8

*Shukla v. Deloitte Consulting LLP*,
No. 1:19-cv-10578 (AJN)(SDA), 2020 WL 3181785 (S.D.N.Y. Jun. 15, 2020) .....................8

*Smith v. City of New York*,
385 F. Supp. 3d 323 (S.D.N.Y. 2019)..........................................................................19

*Staten v. City of New York*,
653 F. App'x 78 (2d Cir. 2016) ........................................................................5

*Wu v. Good Samaritan Hosp. Med. Ctr.*,
815 F. App'x 575 (2d Cir. 2020) ........................................................................17

*Yost v. Everyrealm, Inc.*,
657 F. Supp. 3d 563 (S.D.N.Y. 2023)....................................................................4, 7

**Statutes**

COBRA.......................................................................................................2, 3, 9, 10

ERISA ........................................................................................................3, 9, 10

New York Labor Law ..........................................................................3, 10, 13, 17, 20

**Other Authorities**

Rule 12(b)(6).................................................................................................8

# I. PRELIMINARY STATEMENT[1]

Plaintiff's opposition fails to address the fundamental defects in her claims that Defendants outlined clearly in their motions to dismiss. Instead, Plaintiff simply maintains that her Complaint's vague, contradictory, and formulaic recitation of the elements of her nineteen claims for relief is sufficient. None of these conclusory allegations, however, should be taken as true. As the motions plainly show, Plaintiff's threadbare allegations are mere legal conclusions, do not meet the pleading standard, and fail to plausibly state a claim to the relief she seeks.

In addition, either deliberately or by omission, Plaintiff fails to address or distinguish a single case Defendants cite in support of their positions. Rather, Plaintiff simply ignores or otherwise attempts to sidestep the binding case law, and instead proffers arguments in opposition that are conclusory, circular, and unsupported by any applicable legal authority. For example, Plaintiff's opposition fails to address Compass' arguments that it is not Plaintiff's employer for purposes of liability. Other than reciting factors courts examine in order to determine a direct employment relationship, or in the alternative, a single or joint employer relationship, Plaintiff does not attempt to distinguish the overwhelming case law that has held that the superficial connections that she relies upon do not and cannot establish any employment relationship. Nor does Plaintiff address that even if she is deemed an employee, or in the alternative, an independent contractor of Compass, her claims against the Compass Defendants otherwise fail.

As an initial matter, Plaintiff's alleged Title VII sexual harassment claim is time-barred even if the May 5, 2023 tolling agreement is valid. Plaintiff alleges that the last act of harassment

---

[1] Plaintiff's opposition briefs filed in response to the respective motions to dismiss (Dkt. Nos. 45, 46, and 47) are cited herein as "Compass Defs., Pl. Opp.", "Slater Defs., Pl. Opp.", and Trove Defs., Pl. Opp." Abbreviated and capitalized terms used in this reply are defined in Defendants' respective motions (Dkt Nos. 25-28 ("Trove Defs. Mem."), Dkt. Nos. 29-30 ("Slater Defs. Mem."), and Dkt. Nos. 33-34, 36 ("Compass Defs. Mem.").

occurred on June 22, 2022, which means that the 300-day EEOC filing period ended on April 18, 2023, weeks *before* the tolling agreement, thereby making her June 13, 2023 EEOC filing time-barred. Likely aware of the untimeliness of her claims, and without citing any applicable authority, Plaintiff now attempts to conflate the purported harassment with later acts alleged in support of her retaliation claim in hopes that it will save them. But alleged acts of retaliation do not extend the limitations period for a harassment claim. Grasping for straws, Plaintiff next invokes the continuing violation doctrine. Again, unsupported by any legal authority, Plaintiff's argument fails because the later acts she points to are discrete acts of alleged retaliation. Accordingly, her Title VII sexual harassment claim is time-barred.

Even if timely, Plaintiff's sexual harassment claims under Title VII, the NYSHRL and the NYCHRL otherwise fail as a matter of law because Plaintiff's supporting allegations are conclusory and vague, lack any factual detail, and otherwise amount to nonactionable stray remarks or petty slights, none of which relate to sex or gender. Indeed, Plaintiff argues that the alleged harassment was *subjectively* hostile, rather than *objectively,* as is required, at a minimum, to plausibly allege a claim under Title VII.

Nor can Plaintiff's disparate treatment claims survive Defendants' motions to dismiss as she does not allege that similarly situated employees outside of her protected group received more favorable treatment. Plaintiff's retaliation claims suffer the same fate, because Plaintiff fails to plausibly plead participation, knowledge, or causation with respect to Compass, Slater Team/Trove, and Slater. Similarly, Plaintiff's opposition fails to demonstrate that Berkeley actually participated in conduct that forms the basis for any of her claims.

Plaintiff's COBRA claim does not meet basic requirements, because she does not allege that Trove or the Slater Team meet the statutory threshold of 20 or more employees. Belatedly

claiming that they are joint employers with Compass does not satisfy the pleading requirement. Moreover, Plaintiff does not identify any of the Defendants as the plan administrator, a necessary element for COBRA liability under ERISA.

Plaintiff's claims for breach of contract and under NYLL §§ 191 and 215 arising from alleged unpaid commissions must also be dismissed. Plaintiff's opposition simply outlines the elements of a breach of contract claim and repeats the same conclusory allegations regarding retaliation and the existence of an agreement entitling her to commissions. She has made no attempt to address the Compass Defendants' and Slater's respective arguments why these claims are deficient as a matter of law. The same is true as to Plaintiff's FIFA claims.

Plaintiff's ancillary NYLL § 195 claims are equally deficient. The claims, which allege failure to provide a hiring notice, wage notices and/or statements, do not assert any specific injury caused by the absence of these notices, and her opposition offers no facts to support a claim of tangible harm. Federal courts have consistently held that technical violations of the NYLL, without any demonstrable harm, do not confer standing under Article III. These claims must be dismissed.

Finally, Plaintiff's attempt to rely upon the Walsdorf Affidavit to bolster her allegations of discrimination is improper. Judicial notice of the affidavit can be taken only for the procedural fact of the settlement, not for the truth of the allegations contained within it. Judicial notice cannot be used to substantiate claims of discrimination. Plaintiff simply cannot proffer the Walsdorf Affidavit in an attempt to bolster, embellish, or add new facts in opposition to Defendants' motions to dismiss.

Defendants respectfully request that the Court grant the motions to dismiss in their entirety.

3

## II. <u>ARGUMENTS ON BEHALF OF ALL DEFENDANTS</u>[2]

### A. <u>Plaintiff Misconstrues the Standard on a Motion to Dismiss</u>

In her opposition papers, Plaintiff states several times that Defendants attempt to argue the merits of her claims, which she asserts is improper on a motion to dismiss. However, and despite Plaintiff's assertions to the contrary, Defendants have demonstrated that, even accepting the truth of the allegations, she has failed to plausibly state a claim for relief. This is not a merits argument, but an analysis of Plaintiff's scant factual allegations under the plausibility standard. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Indeed, in their respective opening briefs, Defendants cite numerous cases decided at the motion to dismiss stage in which the court held that the plaintiff failed to state a plausible claim. *See Reed v. Fortive Corp.*, No. 21-CV-6312 CJS, 2023 WL 4457908, at \*17-18 (W.D.N.Y. Jul. 11, 2023) (dismissing Title VII and NYSHRL claims holding that stray comments that lack any factual detail are insufficient to satisfy plausibility standard), *aff'd,* No. 23-1075, 2024 WL 1756110 (2d Cir. Apr. 24, 2024); *Yost v. Everyrealm, Inc.*, 657 F. Supp. 3d 563, 580 (S.D.N.Y. 2023) (dismissing Title VII, NYSHRL, and NYCHRL claims where supervisor referred to plaintiff "as a 'c\*\*t' and 'bitch'"); *Maiurano v. Cantor Fitzgerald Secs.*, No. 19 Civ. 10042 (KPF), 2021 WL 76410, at \*3 (S.D.N.Y. Jan. 8, 2021) (holding *inter alia* that speaking about sexual relations with fiancé was insufficient to survive motion to dismiss); *Palmer v. Cook*, 65 Misc. 3d 374, 389-90, 108 N.Y.S.3d 297, 309 (Sup. Ct. Queens Cnty. 2019) (dismissing NYCHRL claims where no nexus between "whore" and "prostitute" remarks and employee's termination).

---

[2] Jurisdiction is based on the existence of federal questions, not diversity. Thus, to the extent Plaintiff's federal claims are dismissed, the Court should decline to exercise jurisdiction over Plaintiff's pendant state and local law claims. *See Christy v. Warden of Rikers Island*, No. 19-CV-9666 (JPC), 2022 WL 3716268, at \*4 (S.D.N.Y. Aug. 29, 2022) (federal courts should decline pendant jurisdiction when all federal claims have been dismissed).

Plaintiff does not address, much less attempt to distinguish, these cases, nor can she. Plaintiff's Complaint falls well short of the required plausibility standard.

## B. Plaintiff's Title VII Sexual Harassment Claim is Time-Barred and Fails to Link Any Purported Misconduct to Her Sex or Gender

### 3. The Purported Misconduct Is Outside the 300-Day Period

Plaintiff argues that a purported tolling agreement entered into on May 5, 2023 makes her sexual harassment claim timely. Even assuming the tolling agreement is valid, based on the applicable 300-day limitations period, Plaintiff's claim is only timely if it arises from conduct occurring on or after July 9, 2022. Plaintiff's claims remain untimely because the most recent harassment is alleged to have occurred on June 22, 2022.[3] (Compl. ¶ 209(vii).) A timely EEOC charge based on such conduct was due to be filed on or before April 18, 2023. Even crediting the purported tolling agreement, Plaintiff missed the deadline by more than three weeks.

### 4. The Continuing Violation Doctrine is Inapplicable

Plaintiff's invocation of the continuing violation doctrine in an attempt to save her time-barred claim is similarly misplaced. First, Plaintiff conflates allegations of retaliation by co-defendants with allegations of harassment by Koeneke and Walsdorf. *See Staten v. City of New York*, 653 F. App'x 78, 80 (2d Cir. 2016) (noting that to constitute a continuing violation, timely acts must be sufficiently related to acts preceding the limitations period). Second, the doctrine applies to ongoing discrimination, not discrete acts. *Garcia v. Yonkers Bd. of Educ.*, 188 F. Supp. 3d 353, 359 (S.D.N.Y. 2016) (holding that timely later discrete acts of retaliation did not render timely discriminatory acts occurring before the limitations period).

---

[3]Aside from failing to support a claim for harassment as they are unrelated to Plaintiff's sex/gender, Plaintiff's remaining allegations of purported harassment fail to assert when they occurred. (Compl. ¶ 210.)

Plaintiff's allegations of Koeneke's misconduct are limited to allegations that: (1) on September 18, 2021, Koeneke texted Plaintiff "I ♥ You"; (2) in or around February 2022 Koeneke made offensive remarks toward women; and (3) on June 22, 2022, Koeneke willfully embarrassed Scivetti in front of her co-workers with false accusations of Scivetti dating a male client. (Compl. ¶¶ 209(iv)-(vii).) These three isolated allegations fall far short of establishing a continuous violation. *See Gomez v. New York City Dep't of Educ.*, No. 21-CV-01711 (AT)(SN), 2022 WL 6564737, at *6 (S.D.N.Y. Aug. 15, 2022) (holding that isolated comments that took place 6 months apart could not be considered under the continuing violation doctrine), *report & recommendation adopted*, No. 21 Civ. 1711 (AT)(SN), 2022 WL 4298728 (S.D.N.Y. Sept. 19, 2022).

Further, that Plaintiff's claims of retaliatory termination and failure to hire are alleged to have occurred in August 2022 and December 2022 does not extend the limitations period. These claims are pled as retaliation for allegedly complaining of Koeneke's misconduct and, for timeliness purposes, are unrelated to the underlying sex-based discrimination or harassment claims. Retaliatory acts, even if timely, cannot revive her time-barred sexual harassment claims. *See Garcia*, 188 F. Supp. 3d at 359 (discrete acts that fall within the statutory time period do not make timely acts that fall outside the time period). Moreover, Plaintiff fails to allege any facts to connect the failure to rehire to her sex, rendering her retaliation claim insufficient to establish a plausible Title VII violation. *See Iqbal*, 556 U.S. at 678 (requiring "more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

## C. Plaintiff's Claims For Sex Discrimination, Harassment, and Failure to Hire Must be <u>Dismissed</u>

Plaintiff attempts to characterize general derogatory comments she "*subjectively*" believed to be sex-based as unlawful sexual harassment. (Compass Defs., Pl. Opp., p. 11 (emphasis added).) However, her subjective belief coupled with the vague and conclusory allegations in the Complaint

6

do not adequately plead a claim for sexual harassment under applicable law.[4] Notably, Plaintiff does not even allege that Koeneke made any derogatory comments directly to – or even about – her. Similarly, as to Walsdorf's alleged stray comments, Plaintiff alleges without specificity or detail that he "repeatedly told Scivetti . . . about the sexual exploits of a friend." (Compl., ¶ 210.) Such stray remarks as well as the allegations that lack any factual detail about what, if anything, was said, do not rise to the level of actionable harassment under Title VII, the NYSHRL, or the NYCHRL. *See Reed*, 2023 WL 4457908, at *17-18; *Yost*, 657 F. Supp. 3d at 580; *Maiurano*, 2021 WL 76410 at *3; *Palmer*, 65 Misc. 3d at 389-90; *Areu v. Fox News Network, LLC*, No. 20-CV-8678, 2021 WL 4124226 (S.D.N.Y. Sept. 9, 2021) (holding *inter alia* that Tucker Carlson changing in front of plaintiff and telling her that he would be alone in his hotel room along with Sean Hannity calling plaintiff a beautiful woman and auctioning her off for a date was insufficient to plausibly state a claim for sexual harassment); *see also Beale v. Mount Vernon Police Dep't*, 895 F. Supp. 2d 576, 588 (S.D.N.Y. 2012) ("courts have regularly concluded that the occasional

---

[4] Plaintiff also cites a single "I ♥ you" text message as evidence of harassment. (Compl. ¶ 209(iv).) A review of the text messages shows that this message was part of a professional exchange and had no sexual or harassing implications. (Konecke Decl., Ex. A.) Koeneke merely expressed his gratitude for Plaintiff agreeing to cover an open house. (*Id*.) As outlined above, isolated, non-sexual incidents are insufficient to establish "severity" or "pervasiveness" required of a hostile work environment claim. *See Prince v. Cablevisions Sys. Corp*., No. 04 Civ. 8151(RWS), 2005 WL 1060373, at *6-7 (S.D.N.Y. May 6, 2005) (granting dismissal where the plaintiff alleged generalized "sex talk" at work and "a single incident of harassment" involving an attempted kiss at a bar where she went with coworkers); *see also Quinn v. Green Tree Credit Corp*., 159 F.3d 759, 768 (2d Cir. 1998) ("As a general matter, 'isolated remarks or occasional episodes of harassment will not merit relief under Title VII[.]'") (internal citation omitted); *Maron v. Legal Aid Soc'y*, 605 F. Supp. 3d 547, 561 (S.D.N.Y. 2022). Plaintiff argues that the Court should not consider the text message evidence at this stage. However, Plaintiff offer a text message as the sole piece of documentary evidence in support of her harassment claim. (Trove Defs. Mem. 10-11.) As such, it is integral to the Complaint can be properly considered on a motion to dismiss. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Plaintiff asks this Court to allow an unfounded claim to continue when it is clear from the context of the communications that the text does not support Plaintiff's claims, as they lack any sexual or harassing implications.

use of [the term "bitch"] is not severe enough to create a hostile work environment"). Accordingly, Plaintiff's allegations amount to no more than petty slights and trivial inconveniences, which are not actionable under Title VII, the NYSHRL or the NYCHRL.

To the extent that Plaintiff now attempts to rely on her allegations that she was "suddenly stripped of her duties and responsibilities" and terminated to support her discrimination claim, that argument also fails. Plaintiff pleads these alleged adverse employment actions occurred solely as retaliation for reporting alleged acts of discrimination and/or unpaid commissions. (Compl. ¶ 212.)[5] What she fails to plead are facts to support that these actions were taken with gender-based discriminatory motive, warranting dismissal. *Medina v. AAM 15 Mgmt., LLC*, No. 21-CV-7492 (KMK), 2023 WL 2648299, at * 7 (S.D.N.Y. Mar. 27, 2023); *Shukla v. Deloitte Consulting LLP*, No. 1:19-cv-10578 (AJN)(SDA), 2020 WL 3181785, at *5 (S.D.N.Y. Jun. 15, 2020).

Plaintiff's failure-to-hire claim also fails to allege facts to support an inference of discrimination. She does not identify any indicia of discriminatory motive nor any similarly situated male employees who were hired in her place, a key requirement for plausibly stating a discriminatory failure to hire claim. Without these comparator allegations, the claim cannot survive. *See Humphries v. City Univ. of New York*, No. 13-CV-2641 (PAE), 2013 WL 6196561, at *8-12 (S.D.N.Y. Nov. 26, 2013). Additionally, further warranting dismissal, Plaintiff does not allege causation, as she fails to allege that Compass, Berkeley, Koeneke, Slater, Slater Team, or Trove had any role in her failure to secure the position in the December Job Post.

**D.  <u>Plaintiff's Request for Judicial Notice Of the Walsdorf Affidavit is Improper</u>**

---

[5] Notably, in opposition, Plaintiff reaffirms that this conduct was alleged as retaliation rather than itself an act of discrimination. (Dkt. 46 at 14.)

In an attempt to remedy her facially deficient allegations, Plaintiff submits a supporting affidavit from individual defendant, Brett Walsdorf. (Slater Defs. Mem., Pl. Opp., 11-12; Dkt. No. 47.) As an initial matter, Plaintiff's reliance on the Walsdorf Affidavit is procedurally improper as such "strategy contravenes the clear dictates of Rule 12(b)(6)." *Regan v. Vill. of Pelham*, No. 19 Civ. 7987 (NSR), 2021 WL 1063320, at *4-5 (S.D.N.Y. Mar. 19, 2021) (declining to consider factual allegations raised for the first time in supporting affidavit submitted along with opposition papers to motion to dismiss); *see, e.g.*, *Lee v. Mikimoto (Am.) Co.*, No. 22-CV-01923-PAC, 2023 WL 2711825, at *7 (S.D.N.Y. Mar. 30, 2023) ("It is well-settled that a plaintiff 'cannot amend [his] complaint by asserting new facts or theories for the first time in opposition to [a] motion to dismiss.'") (internal citation omitted). As such, this Court should reject Plaintiff's attempt to embellish or improperly amend her complaint in opposition to Defendants' motions to dismiss.

In addition, the Walsdorf Affidavit may only be relied upon to show that a settlement was reached, not for the truth of its contents. *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006); *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) ("[A] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."). Accordingly, the Court should decline to take judicial notice of the statements of fact alleged in the affidavit.

## E.  Plaintiff's COBRA Notice Claim Fails

Plaintiff argues that her misclassification as an independent contractor deprived her of COBRA benefits. In doing so, she overlooks that COBRA applies only to employers with 20 or more employees. Plaintiff does not allege, because she cannot, that either Trove or the Slater Team meets this threshold. Plaintiff's attempt to circumvent this requirement relies on conclusory

assertions of joint employer liability, which have already been addressed and refuted in the Compass Defendants' moving brief. (Compass Defs. Mem., pp. at 8-10.)

Even assuming, arguendo, that the joint employer allegations were accepted, Plaintiff's claim still fails because she ignores a critical requirement under ERISA: identification of the plan administrator. Plaintiff's Complaint fails to allege that Compass, the Slater Team or Trove served as the plan administrator. In fact, the Complaint merely asserts that Defendants failed to notify the plan administrator, without identifying the administrator or naming the administrator as a defendant. (Compl. ¶¶ 277-289.) Indeed, the words "plan administrator" appear in the Complaint only in paragraph 278, which baldly asserts ERISA requirements untethered to any facts about Defendants. (Compl. ¶ 278.)[6] This omission is fatal to her claim. *See Gill v. Acacia Network*, No. 13-CV-9088 (TPG), 2015 WL 1254774, at *4 (S.D.N.Y. Mar. 18, 2015) (dismissing COBRA claims because plaintiffs failed to allege that the corporate defendant was the plan administrator).

Further, Plaintiff does not address and seemingly concedes that the Slater Team provided her with health insurance benefits. (Compl. ¶ 195.) Accordingly, the Compass Defendants were not under an obligation to notify Plaintiff in writing of the exact date of the cancellation of employee benefits or otherwise provide her with a COBRA notice. This is another reason to dismiss this claim as to the Compass Defendants.

**F.  Plaintiff's Failure to Allege An Injury Deprives Her of Requisite Standing to Assert Notice Claims under NYLL § 195**

Technical violations of the NYLL, without a corresponding injury, are insufficient to confer standing under Article III. While Plaintiff attempts to argue that sufficient facts have been

---

[6] "That the Employer has a legal duty to notify its plan administrator of the employee's death, termination of employment, reduction in hours, Medicare eligibility or Title 11 proceedings within 30 days of the qualifying event such that the plan administrator can advise the employee of any options of continued coverage (the "Cobra Notice"). (Compl. ¶ 278)."

alleged to sustain her NYLL § 195 claim, the argument is conclusory and ultimately fails to salvage her deficient claim. The Complaint does not allege any specific injury caused by the alleged failure to receive certain notices.[7] Plaintiff's reliance on *Liang v. USA QR Culture Indus. Dev. LLC*, 704 F. Supp. 3d 408, 416 (S.D.N.Y. 2023), for the proposition that she has standing is misplaced. In *Liang*, the court held that the plaintiff, like Plaintiff here, failed to plead allegations to establish standing as to plaintiff's wage notice and wage statement claims, holding that the complaint was "devoid of any allegation of concrete injury flowing from these failures." As a result, Plaintiff fails to establish an injury-in-fact, which is necessary for standing. As such, dismissal of these claims is required. *See Francisco v. NY Tex Care, Inc.*, No. 19-CV-1649 (PKC)(ST), 2022 WL 900603, at *7 (E.D.N.Y. Mar. 28, 2022); *Beh v. Cmty. Care Companions Inc.*, No. 1:19-CV-01417 (JLS) (MJR), 2022 WL 5039391, at *7 (W.D.N.Y. Sept. 29, 2022), *report & recommendation adopted*, No. 19-CV-1417 (JLS) (MJR), 2023 WL 1969370 (W.D.N.Y. Jan. 26, 2023).

Therefore, given the absence of any concrete injury, Plaintiff's NYLL § 195 claim must be dismissed for lack of standing. Additionally, since Compass was not Plaintiff's employer (*see infra*, IV.A.), it is not liable for purported violations of NYLL § 195.

### III. ARGUMENTS FOR COMPASS DEFENDANTS, SLATER TEAM AND SLATER

#### A. Plaintiff's Breach of Contract Claim Fails

In her opposition, Plaintiff simply outlines the elements of a breach of contract claim and reiterates in a conclusory manner that an agreement was breached. She then argues that she has plausibly pled a breach of contract claim for unpaid commissions. Surprisingly, Plaintiff relies on *E. Materials Corp. v. Mitsubishi Plastics Composites Am., Inc.*, No. 2:17-cv-01034 (ADS)(AYS), 2017 WL 4162309, at *6 (E.D.N.Y. Sept. 19, 2017), which supports Defendants' basis for

---

[7] As outlined below, Plaintiff fails to plausibly allege that she was an employee of Compass entitling her to such notices and statements.

11

dismissal. Indeed, the *E. Materials Corp.* court dismissed plaintiff's breach of contract claim for failure to properly specify what the agreement between the parties consisted of and which provisions of any such agreement were violated. *Id.* The same result is warranted here.

As explained in further detail in the opening briefs, other than referring to "Scivetti's Employment Terms" and a "written and/or oral contract wherein Scivetti would provide services to Employer in exchange for commission" (Compl. ¶¶ 195, 506), Plaintiff offers no details concerning the contours of the alleged commissions, let alone the existence of an enforceable agreement to support a breach of contract claim. Plaintiff neglects to identify any transactions, the timing and value of each sale, other timing provisions, including when commissions were deemed earned[8] or had been agreed to be paid (*i.e.*, weekly, monthly, or at less frequent intervals), or any other details to support potential entitlement to any allegedly unpaid commissions, much less the sum of $20,789.17 she alleges in conclusory fashion that she is owed. (*Id.*, ¶ 205.)

In the absence of any specific allegations, Plaintiff's breach of contract claim for unpaid commissions must be dismissed. (Compass Defs. Mem., pp. 19-20.)

## B. **Plaintiff's Claims Under the Freelance Isn't Free Act Fail**

Once again, in her opposition papers, Plaintiff simply states that the facts alleged in the Complaint are sufficient for her FIFA claims to withstand a motion to dismiss. In doing so, Plaintiff again fails to address Defendants' arguments in their opening briefs: that she is not a covered freelance worker under the statute (Slater Defs. Mem., p. 23); that her failure to provide a written contract claim is partially untimely and otherwise fails because she fails to allege that she requested a written contract; and that her retaliation claim against the Compass Defendants fails because she

---

[8] New York law allows parties to agree to certain conditions as to when commissions are earned. *See Pachter v. Bernard Hodes Grp., Inc.*, 10 N.Y.3d 609, 617-18, 861 N.Y.S.3d 246, 251 (2008) ("The commission will not be deemed 'earned' or vested until computation of the agreed-upon formula.").

fails to allege she complained to Berkeley or anyone at Compass regarding unpaid commissions. (Compass Defs. Mem., pp. 24-25.) Accordingly, Plaintiff's FIFA claims fail as a matter of law.

## IV. <u>ARGUMENTS ON BEHALF OF THE COMPASS DEFENDANTS ONLY</u>

### A. Compass Was Not Plaintiff's Employer Under the Anti-Discrimination Laws or <u>New York Labor Law</u>

As an initial matter, it is telling that Plaintiff does not even attempt to argue that Compass was her direct employer. The reason for this is obvious: there was no direct employment relationship between Plaintiff and Compass and Plaintiff has not plausibly alleged that one exists.

Nevertheless, in opposition, and instead of addressing or distinguishing the Compass Defendants' overwhelming case law, Plaintiff falsely maintains that she has alleged sufficient facts to show that Compass and the Slater Team were a single employer or that Compass was Plaintiff's joint employer. (Compass Defs., Pl. Opp., pp. 3-6.) In doing so, Plaintiff simply repeats the same "form allegations" that amount to mere conclusory statements or legal conclusions couched as factual allegations regarding the relationship between Compass and the Slater Team.

Notably, while Plaintiff improperly proffers the Walsdorf Affidavit in support of her opposition papers, (*see supra*, II.D.), the affidavit overwhelmingly demonstrates that there was no single or joint employer relationship between Plaintiff and Compass.[9] Since the Compass Defendants were not Plaintiff's employer, they must be dismissed.

---

[9] Indeed, Walsdorf describes "Scivetti's Duties and Responsibilities" as "assisting Slater with the administrative office tasks in running the Slater Team . . . *assisting, taking direction and control from* the Slater Team Agents (including both Koeneke and [Walsdorf]) for the processing of their real estate transactions, including but not limited to: aiding Koeneke, [Walsdorf] and the other[s] with their real estate transactions," she was "*subject to review, supervision and approval* by [him], Koeneke, Slater and the other Slater Team Agents depending on which agent had assigned her the relevant tasks," and Slater determined and reviewed the compensation, including but not limited to, pay rates, salaries, commission structure, bonuses' and promotions for the Slater Team Personnel. (*See* Dkt. No. 43-2, ¶¶ 13, 56-57, 63.)

**B.  Plaintiff Cannot Establish Her Title VII, NYSHRL or NYCHRL Sexual Harassment, Gender Discrimination and Retaliation Claims Even If She Is Deemed <u>An Employee or an Independent Contractor</u>**

Even if Plaintiff was deemed an employee or independent contractor of Compass such that she is entitled to protections under the NYSHRL or the NYCHRL, Plaintiff has nonetheless failed to state a plausible claim that the Compass Defendants are liable for sexual harassment, gender discrimination, or retaliation. (Compass Defs. Mem., pp. 11-15.) Apart from reciting the statutory language under the NYSHRL and NYCHRL (Compass Defs., Pl. Opp., p. 7), Plaintiff fails to address, let alone point to any facts in her complaint that provide "a specific basis . . . imputing the conduct that created the hostile environment to [the Compass Defendants]." *See Maiurano*, 2021 WL 76410 at *3. The same is true if Plaintiff is deemed an independent contractor as this Court can only impute liability to Compass for harassment of non-employees if it finds that Compass was negligent and "failed to provide a reasonable avenue for complaint or that it knew, or in the exercise of reasonable care should have known, about the harassment yet failed to take appropriate remedial action." *Duch v. Jakubek*, 588 F.3d 757, 762 (2d Cir. 2009) (internal citation and punctuation omitted). Here, there are zero allegations that Berkeley or anyone at Compass subjected Plaintiff to sexual harassment, that they knew or should have known that Plaintiff was allegedly subjected to sexual harassment, did nothing to address it, or that Plaintiff raised concerns or complained to Berkeley or anyone at Compass about the alleged harassment.

As to Plaintiff's disparate treatment claims, Plaintiff's sole allegation regarding differential treatment between herself and male employees is a general allegation that unidentified male employees were not subject to having their licenses impaired or impacted.[10] (Compl. ¶ 212.) Yet, the Complaint is devoid of any facts about these employees or how they are similarly situated.

---

[10] To the extent Plaintiff also alleges that she was denied other positions following her termination due to gender, for substantially the same reasons, this claim similarly fails. (Compl., ¶ 346.)

Despite her assertions to the contrary, none of Plaintiff's vague allegations support an inference of discrimination and must be dismissed. *See Henderson v. Physician Affiliate Grp. of N.Y. P.C.*, No. 18-cv-3430, 2019 WL 3778504, at *4 (S.D.N.Y. Aug. 12, 2019).

Additionally, and as explained in further detail in the Compass Defendants' opening brief, Plaintiff's retaliation claims arising from her termination and failure to hire allegations fail as to the Compass Defendants. Despite her assertions to the contrary, Plaintiff's Complaint is devoid of any allegations that she ever raised concerns or otherwise put Berkeley on notice that she was opposing sexual harassment. Nor does Plaintiff allege that Compass had general corporate knowledge that she had engaged in protected activity. In addition, none of the allegations regarding retaliation or alleged adverse actions are plausibly attributed to Compass or Berkeley. (Compl., ¶ 212 (i.-v.).) Other than the bald assertions that "[d]uring a meeting with Slater on or about August 25, 2022, with the advance knowledge, advise, consent, authority, permission and/or retaliation of Berkeley . . . Scivetti was suddenly terminated," there is simply nothing in the Complaint describing in any detail as to how Berkeley or Compass brought about Plaintiff's termination in supposed retaliation for complaints that neither Compass nor Berkeley were ever aware of. (*Id.*, ¶ 212.) Nor are there any specific allegations as to Berkeley's role in the partial reinstatement of Plaintiff's real estate license or any influence he had in a third party's decision not to hire her for an open assistant position. Even if Compass and Berkeley were somehow involved (which they were not), Plaintiff's own allegations belie any inference of retaliation. (*See* Compass Defs. Mem., pp. 4-5.)

Plaintiff's failure to counter or dispute the Compass Defendants' lack of liability is fatal to her case. The Compass Defendants should be dismissed on this additional basis.

## C.  Plaintiff's Aider and Abettor Claims Fails as to Berkeley

15

As Plaintiff concedes, Berkeley cannot be subject to aider and abettor liability if Compass is not liable. (*See* Compass Defs., Pl. Opp., p. 17.) As outlined above and in the Compass Defendants' opening brief, because Plaintiff has failed to plausibly plead that Compass is liable to her, Plaintiff's aider and abettor claim against Berkeley must be dismissed on this basis alone.[11]

Even if Plaintiff has plausibly pled that Compass is somehow liable to Plaintiff, Plaintiff has not alleged that Berkeley "actually participate[d] in the conduct giving rise to a discrimination claim." *McHenry v. Fox News Network, LLC*, 510 F. Supp. 3d 51, 68 (S.D.N.Y. 2020). Indeed, Plaintiff continues to parrot the same conclusory assertions that Berkeley was involved in the misconduct she alleges to have endured while working for the Slater Team. While Plaintiff continues to insist that Berkeley was her supervisor and that he "managed" the Slater Team, her opposition brief says otherwise.[12] (*See* Pl. Opp., p. 14.)

Further, and as explained *supra*, IV.B., Plaintiff's Complaint is devoid of any allegations that she ever raised concerns or otherwise put Berkeley (or anyone else at Compass) on notice that she was opposing sexual harassment. In addition, all allegations regarding retaliation or alleged adverse actions stem from alleged conduct perpetrated by Slater, Walsdorf, or Koeneke – none of whom are plausibly alleged to have been employed by Compass. (Compl., ¶ 212 (i.-v.).) And there are no specific allegations as to Berkeley's role in the partial reinstatement of Plaintiff's real estate license or any influence he had in a third party's decision not to hire her for an open assistant position.

---

[11] Plaintiff does not allege that Berkeley has an ownership interest in Compass or that he had the power to do more than carry out personnel decisions, such that he cannot be deemed her employer under the NYSHRL and NYCHRL. *Carmody v. N.Y.U.*, No. 21 Civ. 8186 (LGS), 2023 WL 5803432, at *6 (S.D.N.Y. Sept. 7, 2023).

[12] *See also supra*, fn.9.

There is simply nothing in the Plaintiff's complaint that plausibly alleges that Berkeley "actually participated" in the conduct that forms the basis for Plaintiff's claims. Accordingly, Berkeley must be dismissed from this action.

**D.  The NYLL §§ 191 and 215 Claims Must Be Dismissed as to the Compass Defendants**

As an initial matter and as explained in further detail above and in the Compass Defendants' opening brief (Compass Defs. Mem., pp. 10-11), Compass was similarly not Plaintiff's employer under the NYLL. Accordingly, Plaintiff's NYLL claims as to Compass must be dismissed on this basis alone.

Even if Plaintiff is deemed an employee of Compass under the NYLL, for substantially the same reasons outlined above, *supra*, IV.A., and in Defendants' opening brief (Compass Defs. Mem., pp. 20-24), Plaintiff fails to plausibly allege violations under the NYLL. As to Plaintiff's NYLL § 191 claim, in opposition, Plaintiff again repeats the same conclusory allegations regarding the existence of an agreement entitling her to commissions. Since there is an absence of a contractual predicate, Plaintiff's NYLL claim should be dismissed.

Similarly, Plaintiff fails to address the Compass Defendants' argument that she did not plausibly allege that she is a "commission salesperson" under the NYLL. (Compass Defs. Mem., pp. 21-22.) As such, the Court should deem this argument unopposed.

As to Plaintiff's NYLL § 215 claim, Plaintiff seemingly glosses over the fact that she failed to allege that she complained about unpaid commissions to Berkeley, let alone anyone at Compass, while she worked for the Slater Team. As Plaintiff fails to plausibly allege that she complained to the Compass Defendants, her NYLL § 215 claim fails for this additional reason. *Lima v. Napoli*, No. 19-CV-1699 (JMA) (ST), 2023 WL 2731689, at *2 (E.D.N.Y. Mar. 31, 2023).

Further, Plaintiff fails to adequately plead that her termination from the Slater Team, the partial reinstatement of her real estate license, or a third party's failure to hire her was due to

17

retaliation on the part of the Compass Defendants. First, there is no allegation that the Compass Defendants knew of her complaint of unpaid commissions. This is fatal to her retaliation claims against the Compass Defendants. *Wu v. Good Samaritan Hosp. Med. Ctr.*, 815 F. App'x 575, 582 (2d Cir. 2020). Second, other than the bald assertions that "[d]uring a meeting with Slater on or about August 25, 2022, with the advance knowledge, advice, consent, authority, permission and/or retaliation of Berkeley . . . Scivetti was suddenly terminated," there is nothing in the Complaint describing as to how Berkeley brought about Plaintiff's termination. (Compl., ¶ 212.) Nor are there any specific allegations as to Berkeley's role in the partial reinstatement of Plaintiff's real estate license or any influence he had in a third party's decision not to hire her for an assistant position.

## V. ARGUMENTS FOR THE SLATER TEAM AND SLATER[13]

### A. The Discrimination, Retaliation, and Failure to Hire Claims Must be Dismissed Because they Fail to Plausibly Allege Knowledge and/or Causation

Plaintiff fails to allege facts to support participation or imputation of knowledge of the alleged sexual harassment or protected activity to Slater Team and Slater. (Slater Defs. Mem., pp. 10-11.)  Rather, the Complaint merely points to vague allegations of Walsdorf's "reporting" to Slater, devoid of the specificity needed to withstand a motion to dismiss. (*Id.*)

In an attempt to establish either imputed or express knowledge, Plaintiff points to the Walsdorf Affidavit for the proposition that he was a supervisory employee and reported the sexual harassment to Slater. In addition to being inappropriate to consider on Defendants' motion for the truth its contents, the Walsdorf Affidavit does not establish he was a supervisory employee, as it fails to state that Walsdorf had supervisory control over the terms and conditions of Plaintiff's employment as required. *Mack v. Otis Elevator Co.*, 326 F.3d 116, 126 (2d Cir. 2003).  Instead, it

---

[13] Because Plaintiff asserts claims against Trove as an alleged successor to the Slater Team, claims dismissed as to the Slater Team must be dismissed as to Trove.

asserts that Walsdorf assisted the Slater Team with certain duties and had some supervision over certain assigned tasks. (Dkt. No., 43-2, ¶¶ 60-63.) Similarly unavailing is Plaintiff's attempt to rely on Walsdorf's Affidavit to mend her deficient allegations of express knowledge. Walsdorf asserts only that he informed Slater that the workplace relationship between Koeneke and personnel was "becoming problematic," that Slater Team agents and staff "believed Koneke was acting like a 'jerk' and that Koenke did not get along with Scivetti." (Dkt. No., 43-2, ¶ 68.) Nowhere does Walsdorf make any mention of reporting sexual harassment. Nor does he even state that he told Slater of any report regarding anything at all that came directly from Scivetti. The plausibility of Plaintiff's allegations of knowledge are further undermined by her allegations that Slater gave her a raise in the months following the time she allegedly complained of Koeneke's alleged conduct.[14] Having failed to plead any knowledge to the Slater Team or Slater, the claims against them should be dismissed. *Mondelo v. Quinn, Emanuel, Urquhart & Sullivan, LLP*, No. 21 Civ. 02512 (CM), 2022 WL 524551, at *13 (S.D.N.Y. Feb. 22, 2022); *Smith v. City of New York*, 385 F. Supp. 3d 323, 344 (S.D.N.Y. 2019). Likewise, to the extent that she seeks to assert that her alleged termination was an act of discrimination, Plaintiff also fails. The alleged termination is alleged only in support of her purported retaliation claim. Indeed, no facts are alleged to support an inference that Slater Team or Slater acted with discriminatory motive. (Compl. ¶ 212.)

In addition, Plaintiff's failure to rehire claim fails to allege any facts to support a reasonable inference that Slater Team or Slater were in any way the cause of that decision. As Plaintiff reaffirms in her opposition, she hangs her allegation on the assertion that "Defendants knew about Scivetti's application" and "intentionally participated and/or aided and abetted." (Compl. ¶ 216.)

---

[14] This fact also undercuts Plaintiff's allegations of a causal nexus between the alleged protected activity and the adverse action of her alleged termination.

That is not sufficient to state a claim for relief. *Ochei v. Mary Manning Walsh Nursing Home Co.*, No. 10 Civ. 2548 (CM) (RLE), 2011 WL 744738, at *3 (S.D.N.Y. Mar. 1, 2011).

**B.  Plaintiff's NYLL Section 191(1) Claim Fails**

Plaintiff asserts that she adequately pleads a Section 191(1) claim solely on the basis that "it is evident that Plaintiff has met her burden of pleading." She does not. Plaintiff fails to allege— and indeed her allegations refute—that she is a "commission salesperson" under the statute and that her "principal duty" was sales. (Slater Defs. Mem., p. 18.) Further, Plaintiff fails to adequately allege the existence of a contract establishing a right to any commission. (*Id.*, p. 19.) These deficiencies, which Plaintiff avoids addressing in her opposition, warrant dismissal. Plaintiff's refrain that the merits of claims are not be addressed on a motion to dismiss misses the point: her contradictory and conclusory allegations simply do not allege a plausible claim for relief.

**C.  Plaintiff's Claim for Violation of NYLL Section 215 Fails**

Again, Plaintiff's opposition formulaically recites the elements of the claim without addressing Slater's arguments. Plaintiff's allegations that Slater Team and Slater knew of the alleged reports remain lacking in the "specificity required." (*Id.*, p. 20.) The Walsdorf Affidavit, such as it is, does not remedy Plaintiff's deficient pleading. (Dkt. No., 43-2, ¶ 59 (stating only that Plaintiff complained to Walsdorf, not Slater).) Similarly, Plaintiff fails to allege any causal link—on the one hand undermined by a later raise and satisfactory review and on the other having been turned down for a job without any involvement by Slater Team and Slater. (Slater Defs. Mem., p. 20-21.)

## VI. CONCLUSION

Defendants respectfully request that the Court grant their respective motions to dismiss and grant Defendants such other and further relief as the Court deems just and proper.

Dated: New York, New York
      November 1, 2024

Respectfully submitted,

**WINDELS MARX LANE & MITTENDORF, LLP**

By  /s/ Scott R. Matthews
          Scott R. Matthews
      156 West 56th Street
      New York, New York 10019
      (212) 237-1000
      smatthews@windelsmarx.com
      *Attorneys for Defendants*
      *Michael Koeneke and Trove Partners, Inc.*

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

By: */s/ Jamie Haar*
          Jamie Haar
      599 Lexington Avenue – 17th Fl.
      New York, New York 10022
      (212) 492-2500
      jamie.haar@ogletree.com

      *Attorneys for Defendants*
      *Compass, Inc. and Julian Berkeley*

**BREWER, ATTORNEYS & COUNSELORS**

By: */s/ William A. Brewer*
          William A. Brewer
      750 Lexington Avenue, 14th Floor
      New York, New York 10022
      (212) 527-3024
      wbb@brewerattorneys.com

      *Attorneys for Defendants*
      *Slater Consulting Corp. and Ian Slater*