UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIELA SCIVETTI,

Plaintiff,

v.

COMPASS INC., et al,

Defendant.

24-CV-3868 (DEH)

**MEMORANDUM OPINION
AND ORDER**

DALE E. HO, United States District Judge:

Plaintiff Daniela Scivetti brings this action against her former employer and several individual supervisory employees ("Defendants"), alleging discrimination against her on the basis of her gender and retaliation against her for opposing that discrimination, in addition to other claims. The Court previously granted Defendants' motions to dismiss, concluding that, despite the plausible allegations of misconduct, each of Scivetti's claims failed due to various defects. *See Scivetti v. Compass Inc.*, No. 24 Civ. 3868, 2025 WL 3097331, at *1-7 (S.D.N.Y. Nov. 6, 2025). The Court provided Scivetti with an opportunity to file an amended complaint to cure these defects. *Id.* at 7. However, the Court concludes that the proposed amendments fail to address the deficiencies identified in that prior Opinion. Thus, leave to amend is **DENIED** as futile.

## LEGAL STANDARD

Under Rule 15(a), a leave to amend should generally be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). This is particularly true where, as here, the Court has granted a defendant's motion to dismiss. *See, e.g., Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990) ("When a motion to dismiss is granted, the usual practice is to grant leave to amend the

complaint.").[1] A court's refusal to grant leave to amend must be based on a valid ground, such as where there is "evidence of undue delay, bad faith, [or] undue prejudice to the non-movant." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

A court may deny leave "in cases of futility of amendment," *Meyer v. Seidel*, 89 F.4th 117, 140 (2d Cir. 2023), meaning that the proposed amended complaint "fails to cure prior deficiencies . . . [and] does not contain enough factual allegations, accepted as true, to state a claim for relief that is plausible on its face." *Dobryakov v. Brickhouse Food LLC*, No. 22 Civ. 1390, 2024 WL 218441, at *3 (S.D.N.Y. Jan. 19, 2024). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). Because futility is governed by the same standard as a Rule 12(b)(6) motion to dismiss, *see Lucente v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002), for a court to find an amendment is *not* futile, the claim must be facially plausible and plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* "[T]he party opposing amendment has the burden of establishing that amendment would be futile or otherwise

---

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

2

inappropriate."[2] *See Ithaca Capital Invs. I S.A. v. Trump Panama Hotel Mgmt. LLC*, 450 F. Supp. 3d 358, 369 (S.D.N.Y. 2020).

## DISCUSSION

On November 6, 2025, the Court granted Defendants' motions to dismiss while allowing Scivetti to seek leave to amend her complaint to address various deficiencies found in her claims.[3] The Court found that, despite alleging "illegal discriminatory conduct on behalf of Defendants," all of her claims failed on pleading defects. *Scivetti*, 2025 WL 3097331, at *4. Scivetti filed a Proposed Amended Complaint ("PAC") on December 4, 2025, purporting to address the defects found by the Court in its prior Opinion and Order. *See* ECF No. 56. Defendants contend that the amended complaint fails as futile for the same reasons identified by the Court. *See* Letter Response in Opposition to Motion (Resp. in Opp'n. to Mot."), ECF No. 57.

As explained herein, the Court concludes that the proposed changes to the complaint fail to cure the pleading defects identified in its previous Opinion and Order. As a result, the motion for leave to amend the complaint is **DENIED**.

## I.    Scivetti's Title VII Discrimination Claim

As previously discussed, Scivetti alleges several instances of sex-based harassment during the course of her employment, including frequent discussion of graphic sexual exploits in the office, constant references to her as "love" or "bitch," and insinuations of sexual acts between her and a client. Compl. ¶ 209, ECF No. 1. However, "Title VII requires that individuals aggrieved by acts of discrimination file a charge with the EEOC within . . . 300 days 'after the alleged

---

[2] Because the Defendants only oppose the PAC on futility grounds, the Court does not consider other reasons, if any, for denying Plaintiff's Motion.

[3] The Court assumes familiarity with the facts alleged in the Complaint, which are described in the Court's prior opinion. *See Scivetti v. Compass*, 2025 WL 3097331, at *1.

3

unlawful employment practice occurred.'" *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78-79 (2d Cir. 2015). "Under the continuing violation exception to the Title VII limitations period, if a Title VII plaintiff files an EEOC charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone." *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 220 (2d Cir. 2004). But "[t]o bring a claim within the continuing violation exception, a plaintiff must at the very least allege that one act of discrimination in furtherance of the ongoing policy occurred within the limitations period." *Id.*

The Court previously found that the allegations in the Complaint were untimely. Scivetti filed her EEOC charge on June 13, 2023, following a tolling agreement with Defendants entered on May 5, 2023. Compl. ¶ 220; ECF No. 51 at 5. As a result, Scivetti's claim can cover conduct occurring within 300 days of May 5: that is, on or after July 7, 2022. However, the last specific date of any alleged illegal conduct in the original Complaint was June 22, 2022. Compl. ¶ 209. And while Scivetti mentioned that Koeneke's harassment was "ongoing" as of July 27, 2022, *id.* ¶ 210, the Court dismissed the claim as untimely because "she [did] not allege any specific actions within the limitations period to meet the plausibility requirements of Rule 12(b)(6)." *Scivetti*, 2025 WL 3097331, at *6.

The Court allowed Scivetti an opportunity to allege "any *specific* actions within the limitations period to meet the plausibility requirements of Rule 12(b)(6)." *Scivetti*, 2025 WL 3097331, at *7 (emphasis added). Scivetti has made no such allegations in the proposed amended complaint, instead stating only in generalized terms that Koeneke "continued . . . to engage in" the harassing "behavior set forth . . . hereinabove" through the limitations period. PAC ¶ 209(viii). "But when it comes to assessing timeliness, such conclusory assertions of 'continuing' or 'ongoing' conduct do not cut it." *Moreira v. Societe Generale, S.A.*, 573 F. Supp. 3d 921, 928

4

(S.D.N.Y. 2021); *see also Gaughan v. Nelson*, No. 94 Civ. 3859, 1997 WL 80549, at *5 (S.D.N.Y. Feb. 26, 1997) ("This Court put Plaintiff on explicit notice that if he chose to replead the time barred causes of action, he must 'clearly allege specific incidents of harassment occurring within the applicable limitations period.' In adding a few non-specific and conclusory allegations of post-1993 conduct, Plaintiff has failed to demonstrate a continuing violation. These causes of action remain time barred."). "[N]aked assertions devoid of further factual enhancement" are not sufficient to state a claim, and a court need not accept as true "conclusory statements" that conduct underlying an action is ongoing where the complaint provides no factual backup for that assertion. *Iqbal*, 556 U.S. at 678; *see also Chiu v. Au*, No. 03 Civ. 1150 (RNC), 2005 WL 2452565, at *3 (D. Conn. Sept. 30, 2005) (holding that the plaintiff's allegations "in conclusory terms that the defamation against him is ongoing" were "too vague to state a claim for relief that is not barred by the statute of limitations"); *Broughton v. Livingston Indep. Sch. Dist.*, No. 08 Civ. 175, 2009 WL 10707489, at *6 (E.D. Tex. June 11, 2009) (same).

While courts in this Circuit have applied the continuing violations doctrine to similar Title VII claims, the Court is not aware of any authority for the proposition that a Plaintiff may plead broadly that such harassment was ongoing with no allegations of specific conduct within the limitations period. *Compare Olivieri v. Stifel, Nicolaus & Co., Inc.*, 112 F.4th 74, 83 (2d Cir. 2024) (Complaint alleged specific actions taken by employer in April and May when limitations deadline was March of that year); *Carter-Marks v. Alstom Transp. USA Inc.*, 800 F. Supp. 3d 423, 440 (E.D.N.Y. 2025) (allegations of specific actions within two days of filing of the EEOC charge). With no specific allegations of conduct occurring after July 7, Scivetti's generalized allegations of continuing harassment through the limitations period are insufficient to sustain her claim, which remains untimely. *See Fanelli v. New York*, 51 F. Supp. 3d 219, 227 (E.D.N.Y. 2014) ("Failure to timely file a charge with the EEOC renders a Title VII claim time-barred, thereby preventing a

claimant from bringing her claim in federal court.") (citing *Elmenayer v. ABF Freight Sys., Inc.*, 318 F.3d 130, 133-34 (2d Cir. 2003)).

## II.    Scivetti's Retaliation Claims

The Court also previously found that Scivetti's claims for unlawful retaliation failed because she did not allege that Defendants knew of Scivetti's complaints to Walsdorf regarding Koeneke's harassment.  In order to establish a *prima facie* case of retaliation, a plaintiff must demonstrate that: (1) she was engaged in a protected activity under Title VII; (2) the defendant was aware of the plaintiff's participation in the protected activity; (3) the employer took an adverse action against the plaintiff based upon her activity; and (4) a causal connection existed between the plaintiff's protected activity and the adverse action taken by the employer. *Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 608 (2d Cir. 2006). "[T]he allegations in the complaint need only give plausible support to the reduced prima facie requirements" at the motion to dismiss stage. *Littlejohn v. City of New York*, 795 F.3d 297, 316 (2d Cir. 2015).

The Court explained that the Complaint came close to meeting these requirements but ultimately fell short. *Scivetti*, 2025 WL 3097331, at *6.  Scivetti's complaints to Walsdorf regarding sexual harassment clearly constitute a protected activity. *See, e.g.*, *Littlejohn*, 795 F.3d at 318-19 (explaining that the "opposition clause protects such complaints to management and protests against discrimination"); *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir. 2000) ("[T]he law is clear that opposition to a Title VII violation need not rise to the level of a formal complaint in order to receive statutory protection, this notion of 'opposition' includes activities such as 'making complaints to management ... and expressing support of co-workers who have filed formal charges.'").  However, she never alleged that she told anyone other than Walsdorf about Koeneke's conduct.  And while she alleged that Walsdorf made Slater aware of Koeneke's behavior generally, she does not she allege that Walsdorf told Slater, Berkeley, or anyone involved

in her firing about *her complaints* specifically. Because knowledge of a Plaintiff's engagement in a protected activity is a requirement for a retaliation claim under Title VII, the Court dismissed Counts II and III. *C.f. Rice v. Smithtown Volkswagen*, 321 F. Supp. 3d 375, 390 (E.D.N.Y. 2018) (denying motion to dismiss where Plaintiff alleged that adverse employment action occurred directly because of Plaintiff's complaints at direction of a supervisor with knowledge of those complaints).

The Court provided Scivetti an opportunity to amend her allegations to make clear that members of the Slater team were aware of Scivetti's *protected activity* and not merely Koeneke's sexual harassment before taking allegedly retaliatory action. *Scivetti*, 2025 WL 3097331, at *7. However, Scivetti's PAC fails to allege that anyone had notice of her complaints to Walsdorf. The PAC newly states that Walsdorf informed Slater that Koeneke was being "problematic," but it contains no allegations that Walsdorf told anyone about *Scivetti's complaints* about Koeneke. PAC ¶ 212(ii). Because the PAC fails to cure the flaw identified in the Court's prior order, Counts II and III still fail to state a claim.

### III.    Scivetti's COBRA Notice Claim

Lastly, the Court dismissed Scivetti's claims based on a failure to provide a required "Cobra Notice," Compl. ¶ 282, on a pleading defect. *Scivetti*, 2025 WL 3097331, at *7. Because liability hinges on status as the plan administrator, Courts have dismissed COBRA notice claims without prejudice where no specific plan administrator is alleged. *Gill v. ACACIA Network*, No. 13 Civ. 9088 TPG, 2015 WL 1254774, at *5 (S.D.N.Y. Mar. 18, 2015). Nowhere in the complaint was any defendant identified as the plan administrator. Thus, the Court dismissed Count IV without prejudice against all Defendants.

Scivetti fails to address this pleading defect in her PAC. Scivetti newly alleges, in a single paragraph, that "upon information and belief," each of Compass, Slater, "and/or" Trove,

7

"individually and/or jointly," served as the plan administrator. PAC ¶ 282. These conclusory and contradictory allegations, made only on information and belief, are insufficient to plausibly state a claim for ERISA liability. *See Haggood v. Rubin & Rothman, LLC*, No. 14 Civ. 34L, 2014 WL 6473527, at \*12 (E.D.N.Y. Nov. 17, 2014) ("Since all of plaintiffs' allegations, made 'upon information and belief,' . . . are entirely conclusory, they are not entitled to the assumption of truth and are insufficient to withstand a motion to dismiss."); *see also JBCHoldings NY, LLC v. Pakter*, 931 F.Supp.2d 514, 526-27 (S.D.N.Y. 2013) (holding that although a plaintiff may plead facts alleged upon information and belief "where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible," such allegations must be "accompanied by a statement of the facts upon which the belief is founded"). The allegations appear to be based on pure speculation and fail to specifically identify the plan administrator, which as discussed above, is a threshold requirement for her claim. Therefore, Count IV again fails.

### CONCLUSION

As previously stated, the Court does not discount the seriousness of Scivetti's allegations in this case, nor does it endorse the alleged behavior of Defendants. However, to survive a motion to dismiss, a complaint must state a plausible claim for relief under the law. Because Counts I—IV, as amended, do not do so, amendment is futile. The motion for leave to amend is **DENIED**.

The Clerk of Court is respectfully requested to terminate ECF No. 56 and close the case.

SO ORDERED.

Dated: June 9, 2026

New York, New York

_____

DALE E. HO
United States District Judge

8